Wintermute v. Reese.

No. 9364.

WINTERMUTE v. REESE.

PARTITION.—*Complaint.*—*Title.*—A petition for partition, which fails to show that the plaintiff is seized of some definite undivided share of the lands of which partition is sought, is bad on demurrer.

From the Vigo Circuit Court.

*N. G. Buff, D. T. Morgan, R. S. Tennant, L. D. Thomas* and *J. T. Scott,* for appellant.

*W. E. Hendricks, J. M. Allen* and *W. Mack,* for appellee.

MORRIS, C.—The appellee filed his petition for the partition of certain real estate lying in Vigo county, Indiana, against the appellant and Caroline J. Smith. The defendants appeared by their attorneys to the action and filed an answer to the petition in two paragraphs. The attorneys who filed the answer for the defendants presented affidavits showing that they had, by mistake, appeared for the said Caroline J. Smith without authority; that she was a resident of New York, and had not been served with process. The court allowed said attorneys to withdraw the appearance which they had put in for her. The appellee, upon leave of court, thereupon amended his petition by striking therefrom the name of the said Caroline J. Smith.

The appellant, Josephine Wintermute, then filed her demurrer to the amended complaint. The demurrer was overruled. She then answered the complaint by a general denial.

The cause was submitted to the court for trial. The court, being requested so to do by the parties, found the facts specially, and stated its conclusions of law thereon. No exceptions to the conclusions of law were reserved by either party.

The appellant moved for a new trial, the motion was overruled, and, in accordance with the facts found, the court ordered the real estate to be sold.

The rulings of the court upon the demurrer to the petition, and on the motion for a new trial, are assigned as errors.

It is claimed by the appellant that the answer filed by her and Caroline J. Smith to the original complaint was still in the record, and operated as her separate answer to the amended complaint. We do not think so. The appellant filed a demurrer to the amended complaint after the original had been amended. This must be regarded as a withdrawal of the answer previously filed to the original complaint. It seems to have been so understood by the appellant himself, for, after her demurrer had been overruled, she filed her answer of general denial. She would not have done this had she regarded the previous joint answer, which contained the general denial also, as not withdrawn. The joint answer of herself and Caroline was not adapted to the amended complaint.

The complaint states that one Marietta Wintermute, on the — day of August, 1879, died seized in fee simple of certain real estate, situate in Vigo county, Indiana, leaving her husband, Joseph Wintermute, and the defendant, Josephine Wintermute, her only heirs at law; that since the death of the said Marietta Wintermute the plaintiff became the owner in fee, by purchase at sheriff's sale, of the undivided one-third of said real estate, and the interest in said land which descended to the said Joseph R. Wintermute. It is averred that said real estate can not be divided without damage to the owners.

The prayer is that commissioners be appointed to sell said real estate.

The complaint states that Marietta Wintermute died seized of said real estate in 1879, leaving Joseph R. Wintermute, her husband, and Josephine Wintermute, her daughter, her only heirs. It does not state whether Marietta died testate or intestate; nor whether any part of said real estate descended to the appellant; nor that she holds any part of said real estate as tenant in common with the appellee. There is nothing alleged in the complaint, from which it can be inferred that at the commencement of this suit the appellant had any interest

in said land. If, from the facts stated, it could be inferred that Marietta Wintermute died intestate, and that two-thirds of said real estate descended to this appellant, there is nothing to show that she held the same or any part of it at the commencement of this suit.

The statute in relation to the partition of lands requires the petitioner to set forth in his petition "a description of the premises, and the rights and titles therein of the parties." 2 R. S. 1876, p. 344, section 2. There is no attempt in the petition in this case to comply with the statute, nor is any excuse for this failure alleged.

We think the demurrer to the complaint should have been sustained.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellee, with leave to amend the petition.