No. 8922.

THE TERRE HAUTE AND SOUTHEASTERN RAILROAD COMPANY v. RODEL.

EJECTMENT.—*Streets.—Rights of Abutting Lot Owner.—Easement.—Location of Railroad on Street.—Damages.*—The owner of a lot abutting on a street is seized in fee to the center of the street subject to the easement of the public, and may maintain ejectment against a railroad company which has placed its track thereon without payment or tender of damages.

SAME.—*Complaint.*—A complaint in ejectment, which avers that the plaintiff is seized in fee of a certain lot (giving description), which "abuts on First street, in the city of T. H., and the defendant unlawfully and without right has taken possession of said First street," is good after verdict.

From the Vigo Circuit Court.

The Terre Haute and Southeastern Railroad Company *v.* Rodel.

*J. G. Williams, B. V. Marshall, J. T. Dye* and *W. P. Fishback,* for appellant.

*W. Mack, C. F. McNutt* and *T. W. Harper,* for appellee.

ELLIOTT, J.—The question in this case is: Can the owner of a lot abutting upon a street maintain an action of ejectment against a railway company which has laid its track thereon without having paid or tendered compensation?

It is settled that the owner of a lot abutting upon a public street owns to the center, and that his title is a fee burdened only by the easement of the public. It is also the rule in this State that the lot owner may maintain an action against the railroad company for damages. *Cox* v. *Louisville, etc., R. R. Co.,* 48 Ind. 178; *Terre Haute, etc., R. R. Co.* v. *Scott,* 74 Ind. 29, auth. p. 38. Counsel for appellant contend that these cases do not decide that an action of ejectment may be maintained. The last of the cases declares that the lot owner may vindicate his rights by the usual legal remedies, and in the first the judge who delivered the opinion declares that ejectment will lie. But, without stopping to consider whether these cases do decide this question, we pass to one which does directly decide it, *Sharpe* v. *St. Louis, etc., R. W. Co.,* 49 Ind. 296. In that case the action was for possession, and it was held that it would lie. It is true that there is no discussion of the question, and that the opinion is rested entirely upon *Cox* v. *Louisville, etc., R. R. Co.* We adhere to the conclusion there reached, for we regard it as sound in principle and supported by authority. The right to possession is in the owner of the fee, for neither the public nor the municipal corporation can maintain an action for possession. Their rights may be vindicated but not in such an action. Certainly, the right to maintain the proper possessory action must reside somewhere, and, as it does not reside in the public or the municipality, it must be in the owner of the fee. It is true that in the case of *City of Cincinnati* v. *White,* 6 Peters, 431, a different doctrine is

stated in the opinion, but as shown by Mr. Angell, the question was not involved in that case. The author named, in speaking of the case under immediate mention, says: "It is certainly manifest that the remarks were made upon a very imperfect review of the authorities, if not upon some misapprehension of principle. In regard to the compatibility of the public enjoyment with individual possession, the reasoning of SWIFT, J., in *Peck* v. *Smith* [1 Conn. 103], would seem to be perfectly conclusive. * * * It supposes that different rights in the use of the same thing may co-exist in different persons; and nothing is more common than for one to have an easement in the land of another, who has an estate in fee and is in actual possession. A private right of way is such an easement. It is compatible with the right of the owner of the fee to depasture and mow it; take the trees and anything growing on it; and hold it in possession for these purposes. If disseized by the grantee of the easement, he can recover possession in ejectment, there being no inconsistency in the recovery subject to the private right of way. The principle is precisely the same in regard to the right of the pubic in the soil of a highway; its right is but an easement, and, subject to that, it no more conflicts with the right of the public in a highway, than with that of an individual in a private way, for the owner of the fee to recover possession." Angell Highw., section 320. The doctrine that the owner of the fee may maintain ejectment for the land covered by a public highway is as old at least as *Goodtitle* v. *Alker*, 1 Burr. 133. Lord MANSFIELD there said: "I see no ground why the owner of the soil may not bring ejectment, as well as trespass. It would be very inconvenient, to say that in this case he should have no specific legal remedy; and that his only relief should be repeated actions of damages, for trees and mines, salt springs, and other profits underground. 'Tis true indeed that he must recover the land, subject to the way; but surely he ought to have a specific remedy, to recover the land itself; notwithstanding its being subject to an easement upon it." There are many cases en-

forcing this doctrine, among them *Cooper* v. *Smith*, 9 Serg. & R. 26 ; *Alden* v. *Murdock*, 13 Mass. 256 ; *Bissell* v. *N. Y. C. R. R. Co.*, 23 N. Y. 61 ; *Carpenter* v. *Oswego, etc., R. R. Co.*, 25 N. Y. 256 ; *Jersey City* v. *Fitzpatrick*, 30 N. J. Eq. 97 ; *Perry* v. *New Orleans, etc., R. R. Co.*, 55 Ala. 413 (28 Am. R. 740). Judgment affirmed.

## ON PETITION FOR A REHEARING.

ELLIOTT, J.—In appellant's petition for a rehearing it is argued that our former opinion should not stand, for the reason that the complaint is insufficient. We suppose that no one would seriously contend that the sufficiency of a complaint is before this court unless it was challenged by demurrer in the court below, and error assigned on that ruling, or by motion in arrest followed here by a proper assignment, or else by an assignment here directly questioning the sufficiency of that pleading. In no one of these methods, nor in any form, is the sufficiency of the complaint brought into question. This is a complete answer to so much of the argument on the petition as refers to the validity of the complaint.

Inasmuch as it has been represented to us that other cases are depending on the decision in this, we have thought it proper to decide the question of the sufficiency of the appellee's complaint. The property is specifically described, and this description is followed by the statement " that said real estate abuts on First street, in the city of Terre Haute, and the defendant unlawfully and without right has taken possession of said First street." This description is sufficient, at least after verdict. The owner of a lot abutting on a street owns the fee to the middle thread of the street, and as the pleading gives a full description of the lot, and shows that it abuts on the street, it shows an ownership of the fee to the center of the highway, burdened only by the public easement. This principle is recognized and enforced in many cases. In *Protzman* v. *Indianapolis, etc., R. R. Co.*, 9 Ind. 467, it was said : " The lot, and street adjoining, then, as to the owner of the former,

would seem to constitute but one piece of property, and an injury to the latter would seem to be an injury to the former—to the whole property." The court said, in *Terre Haute, etc., R. R. Co.* v. *Scott,* 74 Ind. 29, that "It is said that in the case of *Cox* v. *The Louisville, etc., R. R. Co., supra,* the complaint alleged that the plaintiff owned the street in fee; that the demurrer admitted this, and therefore the real question was not involved, though decided by the court. But, clearly the court and counsel engaged in the case regarded the complaint as alleging ownership of the street merely by way of conclusion from the alleged ownership of the lot; and in this we think the court was right. While Cox does aver that he owned the street, etc., he does it in such a way as to show that the averment is simply an inference deduced from his ownership of his lot." On principle, as well as on authority, the just conclusion is that the complaint before us is good, and so we adjudge.

Not a single authority is adduced against the position assumed in the former opinion. We have no doubt at all as to the right of the owner of the fee to maintain ejectment against a wrong-doer, although the fee is burdened by a public easement. Our own cases, as we have shown, so declare, and so do all the well considered cases. The latest discussion of the subject fully sustains our view, and from it we shall not depart. Sedgw. & Wait Trial of Title to Land, sections 132, 135.

The ownership of a lot abutting on a highway vests a right to the fee to the center of the highway. We have never seen, nor do we expect to ever see, two deeds, one conveying the lot and the other the land lying in the street. Such a thing could only happen where one employed a conveyancer who had no knowledge of a familiar rule of law. We understand the rule to be perfectly well settled that a conveyance of a lot adjoining a highway carries title to the center. 3 Washb. Real Prop. (4th ed.) 429; 2 Dillon Mun. Corp. (3d ed.), section 633; 3 Kent Com. 434; *Haynes* v. *Thomas,* 7 Ind. 38. The title of the owner of an abutting lot is, as a matter of law, presumed to extend to the center of the highway. *Rice* v. *County*

*of Worcester,* 11 Gray, 283; *City of Boston* v. *Richardson,* 13 Allen, 146, *vide* authorities on p. 153. An unlawful entry on the street is an entry on the land of the lot owner. This follows from the doctrine laid down in *Cox* v. *Louisville, etc., R. R. Co., supra,* and is, in truth, a rudimental principle.

A property owner is not estopped from maintaining his action because he does not forbid the occupancy of the street by the railroad company. There is no element of estoppel present. There is an entire absence of fraud. There is not knowledge on one side and ignorance on the other. As well might a trespasser claim that the true owner is estopped from reclaiming his land because he did not object to the trespasser's using it. If the railroad company had possessed color of title created by the act of the owner, a different question would be presented. No other semblance of title, however, was possessed than such as arose from the act of the owner of the dominant estate. We deem far beyond controversy the proposition, that the owner of the fee can not be ousted from his estate by the acts of the owner of a dominant estate possessing an easement in the land.

Petition overruled.