Filed October 15, 1891.

---

No. 14,873.

## WARBRITTON v. DEMORETT ET AL.

DEED.—*Mistake in Description.—Legal and Equitable Title.*—Where a certain tract of land was sold to A., but by a mistake in the description the deed did not convey all the land purchased, but A. was put in possession of the land intended to be conveyed, and made valuable and lasting improvements thereon, one who thereafter purchased the land omitted by mistake from the deed, with notice of the equitable title of A., took the legal title to the land, subject to such equitable title.

REAL ESTATE.—*Action to Recover.—Counter-Claim to Quiet Title.—Parties Defendant Thereto.*—In a suit to recover the possession of real estate, where a counter-claim is filed by the defendants to quiet the title to the land in dispute, it is not necessary that the grantors of the defendants should be made parties defendant thereto.

SAME.—*Conveyance of Bordering on Highway.—What Passes.*—The conveyance of land bordering on a public highway, as a general rule, conveys title to the center of the highway whether so expressed in the deed or not.

PLEADING.—*General Allegations.—When Specific Allegations Control.*—General allegations in a pleading are controlled by specific allegations, but in order to control the general allegations they must be clearly repugnant thereto, and must show that the general allegations are untrue.

From the Montgomery Circuit Court.

*L. J. Coppage*, for appellant.

*M. E. Clodfelter* and *G. D. Hurley*, for appellees.

COFFEY, J.—This was an action by the appellant against the appellees to recover the possession of the real estate described in the complaint.

In addition to the general denial, the appellees answered that one Watkins, being the owner of a certain described tract of land in Montgomery county, Indiana, sold the portion thereof described in the complaint to one Jessup, and placed him in the possession thereof; that in attempting to convey said land by deed to the said Jessup, a mistake occurred in the description, by reason of which said deed did not cover all the land purchased ; that subsequent sales and conveyances were made from the said Jessup to persons named until the appellees became the owners of said land ; that the persons through whom the appellees make their title each purchased the whole of the land described in the complaint, and each was put into the actual possession of the whole thereof, and made valuable and lasting improvements thereon, but that the mistake in the description runs through all the conveyances ; that each of said conveyances was duly recorded ; that subsequent to the sale and conveyance to the said Jessup, Watkins sold and conveyed the remainder of the land so owned by him to the appellant, who at the time of his purchase had full knowledge of the fact that Watkins had sold to Jessup, and attempted to convey, the land described in the complaint ; that the grantees of the said Jessup were in the actual possession of the land in controversy at the time the appellant made his purchase from the said Watkins.

The appellees also filed a counter-claim, in which they set up substantially the same facts averred in the second paragraph of their answer, and prayed that their title to the land might be quieted.

The court overruled a demurrer to the second paragraph of the answer and also to the counter-claim.

A trial of the cause, by jury, resulted in a verdict for the appellees, upon which the court, over a motion for a new trial, rendered judgment.

The assignment of errors calls in question the correctness of the ruling of the circuit court in overruling the demurrer to the second paragraph of the answer, in overruling the demurrer to the counter-claim, and in overruling the appellant's motion for a new trial.

As the questions presented by overruling the demurrer to the second paragraph of the answer and in overruling the demurrer to the counter-claim are substantially the same, they may with propriety be considered together.

In our opinion the court did not err in overruling either of said demurrers. Each of the demurrers admits that Watkins sold the land in controversy to Jessup, and placed him in possession of the same; that Watkins undertook to convey the land, but by mutual mistake it was incorrectly described; that Jessup and his grantees·have ever since been in the actual possession of the land, and have made lasting and valuable improvements thereon; and that the appellant, at the time of his purchase, had full knowledge of the sale so made by Watkins.

The sale by Watkins to Jessup, followed by the delivery of possession and valuable and lasting improvements, vested the equitable title in Jessup, and the appellant having purchased with notice of such equitable title, took the legal title subject thereto. *Indiana, etc., R. W. Co.* v. *McBroom*, 114 Ind. 198; *Barnes* v. *Union School Tp.*, 91 Ind. 301; *Smith* v. *Kyler*, 74 Ind. 575.

It is urged, however, that the counter-claim seeks a cor-

rection of the deeds from Watkins and the other parties through whom the appellees make their title, and that there is a defect of parties, in that all the parties executing such deeds should have been made parties defendant.

The appellant misconceives the object sought by the counter-claim. Its object was to quiet title to the land in dispute as against the claim of the appellant.

To such an action the grantors of the appellees were not necessary parties.

Nor do we think the court erred in overruling the appellant's motion for a new trial. The evidence in the cause fully supports the answer and the counter-claim. The land in dispute was enclosed by a fence and was sold by Watkins and possession delivered. The party to whom he sold and his grantees have ever since been in the actual possession of the land and have made lasting and valuable improvements, and have fully paid the purchase-price. They were so in possession at the time the appellant purchased.

The objection that the verdict of the jury gave appellees more land than they were entitled to recover is not well taken. The conveyance of land bordering on a public highway, as a general rule, conveys title to the center of the highway, whether so expressed in the deed or not. *Terre Haute, etc., R. R. Co.* v. *Rodel,* 89 Ind. 128.

Locating the line at the center of the highway bordering the land in dispute does not give the appellees more land than they were entitled to receive under the purchase from Watkins.

There is no error in the record.

Judgment affirmed.

Filed May 20, 1891.

## ON PETITION FOR A REHEARING.

COFFEY, C. J.—A petition for a rehearing is filed in this case in which it is urged that this court erred in holding the cross-complaint, filed by the appellees in the court below,

sufficient. While the cross-complaint contains the general allegation that the appellees are the equitable owners of the land in dispute, it is claimed that the specific allegations contradict the general, and must control.

The cross-complaint is entitled, "Samuel N. Warbritton *vs.* Francis M. Demorett and Phœbe J. Demorett," and so much of it as is material to the controversy here is as follows:

"The above named *defendants*, Francis M. Demorett and Phœbe J. Demorett, for cross-complaint against the plaintiff, Samuel N. Warbritton, complain of said Warbritton, and say that they are the equitable owners and in the full and complete possession of the following described real estate, in Montgomery county, Indiana : * * * Cross-complainants further aver that *he* derived *his* title as follows, to wit : he, *defendant*, purchased said real estate from William Hubbard, who purchased the same from one Nathaniel Jessup, who purchased the same from one F. M. Watkins, the person from whom cross-complainants derive their title ; that the said Jessup purchased the real estate * * from Watkins * * long before the cross-complainants purchased the same real estate from *Watkins ;* that Watkins, at the time he sold to Jessup, put him in * * possession, * * * and that Jessup and his grantees * * * have ever since held possession thereof, * * * and have made lasting and valuable improvements thereon ; that cross-complainants purchased the real estate, while * * Jessup and his grantees were in the possession thereof * * under said purchase from Watkins. * * * Cross-complainants aver that they are the owners of said real estate, and that said Warbritton is claiming some title thereto, interest in said real estate adverse to cross-complainants' said title ; that the claim of said Warbritton is groundless and void, and a cloud upon cross-complainants' title."

This is by no means a model pleading, and the looseness with which it is drawn is without excuse.

The doctrine that general allegations in a pleading are controlled by specific allegations in the same pleading is too familiar to the profession to require citations, but in order to control the general allegations they must be clearly repugnant thereto, and must show that the general allegations are untrue. If the specific allegations in this pleading show that the appellees have no title, then the demurrer thereto should have been sustained, otherwise it should have been overruled. The general allegations are to the effect that the appellees are the equitable owners of the land in dispute, and are in the possession thereof; that the appellant is asserting a groundless claim to the land, which casts a cloud upon the title of the appellees.

Following these general allegations the appellees attempt to give the source of their title.

The claim of the appellant is that in the following allegation, namely, " He, *defendant,* purchased said real estate from William Hubbard," etc., the word " defendant " applies to the appellant, and not the appellees, and that, this being true, it appears that the appellant has the better title. We think it reasonably certain, when the whole pleading is construed together, that the appellees are attempting to give the source of their own title, and not that of the appellant.

It appears from the allegations in this cross-complaint that when Watkins sold to Jessup he placed him in the possession of the land, and that he and his grantees have ever since been in possession. It also appears that the appellees are in possession of the land, so that all the allegations in relation to possession can not be true unless the appellees are to be regarded as making their title through Jessup, and, when so regarded and treated, the allegations are reconciled, and no conflict exists.

We think the pleader by the use of the word "*defendant,*" in the connection in which it is used, had reference to the defendant in the main action, and not to the defendant to the cross-complaint.

In the case of *Indiana, etc., R. W. Co.* v. *Dailey*, 110 Ind. 75, the word " plaintiff " was used where the word " defendant " was intended. In commenting upon the contention that the word " plaintiff " should be read as it was written, this court said : " Merely clerical mistakes, such as the use of one word or one name for another, where, as in this case, there is and can be no possible room for doubt as to which one of two. words or names the pleader intended to use, will not and ought not to vitiate the pleading, in any court, under the statutory rule that ' its allegations shall be liberally construed, with a view to substantial justice between the parties.' " · See, also, *Landon* v. *White*, 101 Ind. 249.

When we treat the specific allegations in this cross-complaint as being descriptive of the source from which the appellees derive their title, and construe them with a view to substantial justice between the parties, we think there is no such conflict between them and the general allegations as renders the pleading bad.

Petition overruled.

