Brown *et al. v.* Brown.

Filed January 24, 1893.

———————◆———————

No. 16,095.

BROWN ET AL. *v.* BROWN.

DEED.—*Real Estate.*—*Conveyance to Husband and Wife.*—*Provision Against Estate in Entirety.*—*Tenancy in Common.*—Where a deed to a husband and wife contains the following: "Each of the above grantees having contributed equally in the purchase of the above-described real estate, it is the express understanding and agreement that said real estate shall be held by them in common, and not in joint tenancy," the quoted provision clearly being intended to make the husband and wife tenants in common, and not in the entirety, effect will be given to the intent of the deed.

REAL ESTATE.—*Husband and Wife.*—*Conveyance to.*—*Words Limiting Estate.* —*Tenancy in Common.*—*Tenancy in Entirety.*—Where a conveyance is made to a husband and wife without any words limiting the estate, they will hold it as tenants in entirety, but where there are words in the deed so limiting the estate conveyed that it appears that the grantor intended that the grantees should hold by moieties, such intention will prevail.

APPEAL.—*Error Assigned on Pleading Alone.*—*Transcript.*—*What it Should Contain.*—Where error is predicated upon a ruling on a pleading alone, the transcript of the record need not contain any of the proceedings after the ruling complained of.

PLEADING.—*Partition.*—*Sufficiency of Complaint.*—*Present Interest.*—*Failure to Allege.*—A complaint for partition of land, which does not allege a present interest in the land, is insufficient.

From the Montgomery Circuit Court.

*G. D. Hurley, M. E. Clodfelter* and *J. W. Kern*, for appellants.

*T. F. Davidson* and *J. West*, for appellee.

HACKNEY, J.—The only question properly presented by the record, in this cause, is the sufficiency of the complaint of the appellants. It is in two paragraphs, seeking partition of a tract of land in Crawfordsville. Each paragraph alleges that the appellee was the second wife of James Brown, who died intestate, on the 21st day of February, 1890, leaving said appellee without children, but leaving appellants as his children by a former marriage; that on the 26th day of March, 1875, one Ramey conveyed said tract to said James and his wife, the appellee, the deed of conveyance containing the following language:

"Each of the above grantees having contributed equally in the purchase of the above-described real estate, it is the express understanding and agreement that said real estate shall be held by them in common, and not in joint tenancy."

The theory of each paragraph was that the title conveyed to James and Margaret was in common, and not in entirety, and that upon the death of James, Margaret became the owner under the conveyance, of the undivided one-half, and, as widow, of the undivided one-sixth for life. The appellee contends that the deed conveyed a title in entirety, which, upon the death of James, she, as his widow, took as survivor.

But for the condition above quoted from the deed, we should incline to the view of the appellee. The question is now well settled in this State, that if a conveyance be made to husband and wife jointly, and without words limiting the estate taken, they will take as tenants in entirety. It is also well settled that, where there are, in the deed, words so limiting the estate conveyed, that it is apparent the grantor intended the grantees to hold by moieties, such intention

will prevail. *Hadlock* v. *Gray*, 104 Ind. 596; Tiedeman on Real Property, section 244; 1 Washb. on Real Property, 674.

In *Cloos* v. *Cloos*, 55 Hun, 450, the deed in question conveyed land to the husband and wife, and the *habendum* clause, as in this deed here involved, contained the limitation to the grantees "as joint tenants, and not as tenants in common." The court said:

"It seems very clearly to have been the intention of the parties to create a joint tenancy. We think such a tenancy was created, unless it was impossible for husband and wife to take other than by the entirety where they take under one deed. We do not understand that such a disability exists where apt words are used in the conveyance." *Hicks* v. *Cochran*, 4 Edw. Ch. 111; *McDermott* v. *French*, 15 N. J. Eq. 78; 4 Kent's Com. 363.

The complaint was not bad on demurrer upon the construction of the deed, but the question is made that the complaint alleged only the conveyance to James and his wife—and that, upon his death, the appellee and the appellants became the owners of the real estate—without alleging that he died seized of the real estate, and that the parties owned, *at the time the suit was commenced*, any interest in the real estate.

Under the decision of this court, in *Wintermute* v. *Reese*, 84 Ind. 308, the complaint is defective, for the reason last stated. The appellee has assigned cross-errors, and urges upon the attention of this court the ruling of the court below in overruling appellee's demurrer to the appellants' reply to an answer in abatement setting up her statutory quarantine privileges. The record, as presented by the appellants, contains no such plea in abatement, reply, or demurrer. There is attached to the record, as the appellants present it, a transcript of certain pleadings and rulings. This transcript is upon the separate precipe of the appellee, is under a separate caption, and is over a separate certifi-

cate of the clerk. Except that it is attached to the record of the appellants, it is entirely independent of the appellants' record and appeal. The appellant may direct what the transcript shall contain. Section 649, R. S. 1881. This privilege, of course, must be so exercised as to present, in intelligent form, the question sought to be reviewed, and this does not require a record of proceedings which follow the error complained of, if it is one of pleading. In this instance the complaint went down under the demurrer, and the appellant, for his own purposes, not for the benefit of the appellee, is not required to enlarge the issue in this court. However, it is of little consequence, since the cause must be affirmed and the appellee has received the delay of the statutory period of quarantine by this appeal.

The judgment of the lower courts is affirmed.

Filed January 25, 1893.

## ON PETITION FOR A REHEARING.

HACKNEY, J.—On petition for a rehearing, the appellants urge us to deny the authority of *Wintermute* v. *Reese,* 84 Ind. 308. We are not inclined to depart from the rule there affirmed, nor can we believe that it is not applicable to the complaint in this case. To allege an ownership in lands at a period months before the suit, is a fact which suggests ownership at the time partition is asked, but it is a fact which does not necessarily imply an ownership at the time partition is sought.

"A fact not necessarily implied, although inferable, is not sufficiently alleged, by alleging the fact which suggests it." Abbott's Trial Brief, section 51; *Fowler* v. *New York, etc., Ins. Co.,* 26 N. Y. 422; *Williams* v. *North Am. Ins. Co.,* 9 How. Pr. (N. Y.) 365; *Magauran* v. *Tiffany,* 62 How. Pr. (N. Y.) 251. The fact that appellants once owned does not necessarily imply a present ownership.

The petition is overruled.

Filed February 25, 1893.