Erwin v. Central Union Telephone Company et al.

---

ERWIN v. CENTRAL UNION TELEPHONE COMPANY ET AL.

[No. 18,101. Filed April 1, 1897. Rehearing denied Sept. 24, 1897.]

INJUNCTION.—*Use of Space Beneath Sidewalk.*—*Complaint.*—A complaint by an abutting landowner to enjoin the laying of conduits beneath the sidewalk, which does not allege that the plaintiff is the owner in fee of the soil to be invaded, is insufficient on demurrer. *pp. 366–399.*

PLEADING.—*Material Facts Not Alleged by Way of Recital.*—Material facts, essential to the existence of a cause of action, must be alleged directly and not by way of recital. *p. 371.*

From the Marion Circuit Court. *Affirmed.*

*E. E. Gates* and *G. E. Hume*, for appellant.

*R. O. Hawkins, H. E. Smith* and *J. B. Curtis*, for appellees.

HACKNEY, J.—The appellant, Daniel P. Erwin, by his complaint in the lower court, sought to enjoin the appellees, the Central Union Telephone Company and the city of Indianapolis, from laying conduits, for con- ducting electric wires to be used in a general system of telephoning in said city, within the limits of the sidewalk along the south side of Ohio street, from Pennsylvania street eastward two hundred two and one-half feet. The complaint alleged the ownership by the appellant of three lots on the south side of said sidewalk for said distance of two hundred two and one-half feet east from Pennsylvania street, and that the space beneath the surface of said sidewalk along said distance was valuable and necessary for the uses of a large five-story hotel and business building, cover- ing said lots, for sub-cellars or vaults which he, the appellant, had the right to construct, which he con- templated the early construction of and of which he would be deprived by the location of conduits. It was alleged that the company was proceeding to lay said conduits pursuant to a contract with the city author- izing the use for that purpose of the "streets, avenues, alleys and public places of said city;" said contract further providing that the work "should not interfere with existing surface or underground structures, in- cluding   *   *   *   sidewalks"·any and all of which "must be replaced by said company."

It was alleged, also, that prior to the making of said contract the city had by various ordinances recognized the right of appellant to construct vaults, cellars, etc., under abutting sidewalks, and that he had not agreed in any manner to the use of said sidewalk by said company.

The circuit court sustained the demurrer of the ap- pellees to said complaint, and that ruling presents the only questions to be reviewed. Appellees have not

Erwin *v.* Central Union Telephone Company *et al.*

favored us with brief or argument in support of the ruling of the lower court, and we are not advised as to the theory upon which that ruling was made. The brief of the appellant's learned counsel urges several propositions against the ruling of the trial court, that which is at the basis of all others being that the appellant was the owner in fee simple of the ground over which the sidewalk is laid. It is, of course, recognized that the public hold an easement for the purposes of travel upon the surface, but it is claimed that the use to which it is proposed to subject the earth beneath the walk is a new servitude, not contemplated in the dedication of the street to public uses.

It must be conceded that the appellant's theory can not stand without allegations sufficient to require the inference that he is the owner of the fee in the soil to be invaded. The exact allegation in this respect is that he "is the owner in fee simple of the following described real estate, to-wit: Lots 10, 11, and 12, in square 44, in the city of Indianapolis, county of Marion, State of Indiana, having a frontage on the south side of Ohio street of 202½ feet." There is an absence of allegation that the appellant owned the fee in the walk or street, or that the walk or street was dedicated to the public use by one who at the time owned the fee in both the street and the lots, or by one who had ever owned the lots. In other words, from any allegation it does not appear that the entire street, including sidewalks, was not or may not have been dedicated by the owner of the lots on the north side of Ohio street, and that the fee belonged to and still goes with such lot. This suit does not relate to any surface use of the sidewalk, or to the impairment of any of the easements of ingress, egress, light and air. It relates alone to an act imposing a servitude upon the fee, in no manner affecting a right which the appellant might

claim independently of an ownership of the fee. As a question of pleading, therefore, the inquiry is presented as to whether a right which could only arise from an ownership of the fee will be presumed to exist without an allegation of the ownership of the fee. As a general proposition allegations must be stronger than to merely suggest an inference, they must be so strong as to enforce the inference which is necessary. *Brown* v. *Brown*, 133 Ind. 476; *Nysewander* v. *Lowman*, 124 Ind. 584; *Cummins* v. *City of Seymour*, 79 Ind. 491.

Should the case in hand be regarded as an exception to the general rule? We must answer that we observe no reason for such an exception. We do not overlook the fact that the courts often express their holding, *that the conveyance of a lot conveys to the center of the street upon which the lot abuts*, but we have met with no case, and venture the assertion that none exists, holding that the conveyance of a lot will carry the fee in a street, which fee the grantor never owned. We do not believe that it was even intended to be held that one who dedicated a street to the public use parted with his fee in one-half of the street to those who owned the real estate on the opposite side of the street. The owner on the opposite side of the street might acquire easements which would pass by the conveyance of his property, and those of such a character as could not be taken from him by the owner of the fee who dedicated the street, but if he should assert a right depending upon his ownership of the fee, his easements would not become the equivalent of such fee. It is a matter of common observation that streets are not always opened and dedicated by persons owning the lands on both sides of such streets. In cases where the lands are not so owned we observe no reason for holding that the fee in one-half of the street passes from its owner and attaches to the lands

Erwin *v.* Central Union Telephone Company *et al.*

on the opposite side, those of another. To hold the complaint before us sufficient against the demurrer of the appellees, we must presume that Ohio street was dedicated by one owning the lands or lots on the south side of the street, or that the fee passed to such lots by independent conveyance.

It is not the rule that strained presumptions are indulged in favor of the pleader, and, in our opinion, they should not be indulged in this case. We are aware that cases seem to hold differently. *Terre Haute, etc., R. R. Co.* v. *Scott,* 74 Ind. 29; *Terre Haute, etc., R. R. Co.* v. *Rodel,* 89 Ind. 128. The first was an action for damages for the obstruction of the easement of ingress and egress, where possibly an ownership of the fee was not indispensable, but where such ownership was alleged to exist by reason of the ownership of the abutting lots. The description there alleged was not questioned before the court, as expressly stated in the opinion. The question considered and decided was not one of pleading, but was as to whether the public acquired the fee in a street dedicated, or whether such fee followed the lot from which the street was dedicated. In the latter case, the reported opinion does not give the description employed, but states that "The property was specifically described, and this description was followed by the statement 'that said real estate abuts on First street, in the city of Terre Haute, and the defendant unlawfully and without right has taken possession of said First street.'" This was held sufficient after verdict, which, we have no doubt, was correct. But, in this case and the former, reference was made to *Cox* v. *Louisville, etc., R. R. Co.,* 48 Ind. 178, as supporting the doubtful conclusion that to allege the ownership of a lot is to allege the ownership of the fee to the center of the street upon which the lot

abuts.   In *Cox* v. *Louisville, etc., R. R. Co., supra,* the complaint contained the allegation that the plaintiff "is now, and has been for thirty years, the owner of the fee simple of said Fifth street, from the west line of said property to the center of said street," and that the railroad company had laid its track "upon that portion of Fifth street above described, of the fee simple of which the plaintiff was then, and has ever since been, and is now, the owner."   There was no room to question the sufficiency of the allegation of the ownership of the fee in the street, and the case turned upon the question as to whether a dedication carried the fee to the public, or whether it remained in the landowner and followed his grant of the abutting lots.

While the cases of *Terre Haute, etc., R. R. Co.* v. *Scott, supra,* and *Terre Haute, etc., R. R. Co.* v. *Rodel, supra,* appear to be at variance with our present holding, we do not believe that the learned judges who wrote the opinions in those cases intended to be understood as holding that an allegation of the ownership of a lot necessarily raised the inference, against a demurrer, that such ownership extended to the center of the street upon which the lot abutted.   To the extent that they may so hold we deny their soundness.   In our conclusion, however, we do not deny the proposition that one who dedicates a street, retaining the adjoining lots, retains the fee in the street, which fee will pass from him by a conveyance of the lots.   This proposition is very different from the one that to plead the ownership of a lot raises necessarily the inference, as a question of pleading, that such ownership includes the fee in the street as having been held in common with that in the lots.

The complaint was, therefore, insufficient, and the judgment of the lower court is affirmed.

## ON PETITION FOR REHEARING.

HACKNEY, J.—The appellant insists that in connection with the allegations of his complaint we should have considered, from judicial notice, that, pursuant to several early acts of the legislature, the property, lots and street in question were located, platted and dedicated in common and from a single tract by commissioners of the State, whose plats appear of record in the office of the Secretary of State.

Were we to accept judicial notice of the occurrences mentioned, they would be no stronger than an allegation that over sixty-five years ago the fee in the street attached to that in the lots by reason of a conveyance of the lots to the appellant's most remote grantor. This would be far less than an allegation of present ownership. A right dependent upon present ownership, it has often been held, is not alleged by alleging an ownership at a time past. *Wintermute* v. *Reese,* 84 Ind. 308; *Brown* v. *Brown,* 133 Ind. 476; *Craig* v. *Bennett,* 146 Ind. 574.

In that event the complaint would be subject to the objection made against it in the original opinion, that it would not allege the appellant's ownership of the fee in the street or sidewalk at the time he sought to enjoin the acts of the appellees.

Nor are we impressed that this omission is supplied by a recital allegation that the appellees were about to deprive the appellant of the legal right to employ the sidewalk for subterranean vaults and storerooms. Material facts, essential to the existence of a cause of action, must be alleged directly and not by way of recital. *Jackson School Tp.* v. *Farlow,* 75 Ind. 118; *Shirk* v. *Mitchell,* 137 Ind. 185; *Louisville, etc., R. W. Co.* v.

*Kendall.* 138 Ind. 313; *State* v. *McCormick,* 141 Ind. 685.

We are fully satisfied that our original conclusion was correct.

The petition is overruled.