(July 31, 1924.)

AUGUST MEYER, Appellant, v. AUGUSTA SCHOEF-
FLER, OTTO SCHOEFFLER, DAVE SCHOEFFLER,
WILLIAM FRED SCHOEFFLER, ANNA SCHOEF-
FLER, MARTHA SCHOEFFLER, MINNIE SCHOEF-
FLER and LENA SCHOEFFLER, Heirs of FRED-
ERICK SCHOEFFLER, Deceased, Respondent.

[227 Pac. 1061.]

EJECTMENT—TITLE TO REAL PROPERTY—ADVERSE POSSESSION—PAY-
MENT OF TAXES—WHAT CONSTITUTES—EVIDENCE—SUFFICIENCY OF.

1. To acquire title to land by adverse possession, it is neces-
sary to comply with all the provisions of the statute relating
thereto.

2. The payment of all state, county and municipal taxes levied
and assessed upon land for a consecutive period of five years is
an indispensable requirement of the statute to establish title by
adverse possession.

3. The payment of taxes levied and assessed upon a govern-
mental subdivision of land does not constitute a payment of taxes
on an adjoining small tract, which is known to be included in
another subdivision.

APPEAL from the District Court of the Tenth Judicial
District, for Nez Perce County. Hon. Wallace N. Scales,
Judge.

Action in ejectment. Judgment for defendants. *Re-
versed.*

McNamee & Clements, for Appellant.

The burden of proving all the essential elements of ad-
verse possession is upon the party relying upon title by ad-
verse possession. (2 C. J., p. 262, par. 585, and cases cited;
*Pleasants v. Henry,* 36 Ida. 728, 213 Pac. 565; *Brown v.
Brown,* 18 Ida. 345, 110 Pac. 269; *Swank v. Sweetwater Irr.
Co.,* 15 Ida. 353, 98 Pac. 297; *Altschul v. O'Neill,* 35 Or.
202, 58 Pac. 95; *Collins v. Riley,* 104 U. S. 328, 26 L. ed.
752; *Grosholz v. Newman,* 21 Wall. (U. S.) 481, 22 L. ed.

Opinion of the Court—Wm. E. Lee, J.

471; *Nathan v. Dierssen,* 146 Cal. 63, 79 Pac. 739; *Tuffree v. Polhemus,* 108 Cal. 670, 41 Pac. 806; *Ball v. Kehl,* 95 Cal. 606, 30 Pac. 780.)

Adverse possession cannot be established in this state unless it is shown that the land has been occupied and claimed for the period of five years continuously, and the party or persons, their predecessors and grantors, have paid all the taxes, state, county or municipal, which have been levied and assessed upon such land according to law. (C. S., sec. 6603; 2 C. J., p. 263, par. 585, note 77; *Green v. Christie,* 4 Ida. 438, 40 Pac. 54; *Brose v. Boise City Ry. Co.,* 5 Ida. 694, 51 Pac. 753; *Little v. Crawford,* 13 Ida. 146, 88 Pac. 974; *Swank v. Sweetwater Irr. Co.,* 15 Ida. 353, 98 Pac. 297; *Coe v. Sloan,* 16 Ida. 49, 100 Pac. 354; *Bayhouse v. Urquides* 17 Ida. 286, 105 Pac. 1066; *Brown v. Brown,* 18 Ida. 345, 110 Pac. 269; *Northern Pac. Ry. Co. v. Pyle,* 19 Ida. 3, 112 Pac. 678; *Wilson v. Linder,* 21 Ida. 576, Ann. Cas. 1913E, 148, 123 Pac. 487, 42 L. R. A., N. S., 242; *Cramer v. Walker,* 23 Ida. 495, 130 Pac. 1002; *Johnson v. Sowden,* 25 Ida. 227, 136 Pac. 1136; *Trask v. Success Min. Co.,* 28 Ida. 483, 155 Pac. 288; *Dickerson v. Hansen,* 32 Ida. 18, 177 Pac. 760; *Citizens Right-of-way Co., Ltd., v. Ayers,* 32 Ida. 207, 179 Pac. 954.)

E. J. Doyle, for Respondents.

We call the court's attention to the case of *Price v. De Reyes,* 161 Cal. 484, 119 Pac. 893, on the question of the payment of taxes.

Landmarks which have been acquiesced in for a long time will not be disturbed. (*Bayhouse v. Urquides,* 17 Ida. 286, 105 Pac. 1066.)

WM. E. LEE, J.—This is an action in ejectment commenced to recover possession of a certain tract of land and for damages. The cause was tried to the court without a jury upon the amended complaint of appellant, the answer and cross-complaint of respondents and appellant's answer to the cross-complaint.

In 1889, Frederick Schoeffler and Henry Wessels were the owners of adjoining lands. About that time the construction of a public road intersected these lands. The road cut off about three acres from one corner of Schoeffler's land and also a small tract from the Wessels land.

Evidently because it became more convenient on account of the construction of the road for Wessels to farm, in connection with his land, the three-acre tract cut by the road from the Schoeffler land, they agreed that Wessels should take said three-acre tract in exchange for a tract of about the same size and value of the land cut off by the road from the Wessels land. It is the three-acre tract, originally a part of the Wessels land, that is the subject of this action. Their agreement was oral and, while the evidence tends to show that they recognized that conveyances of land must be in writing, they postponed the making of deeds and Wessels and Schoeffler died without making them. Each of the original parties inclosed the strip, which he had "traded for," with his other land. Wessels cultivated the tract he got from Schoeffler until he died, and his successors have cultivated it ever since. Schoeffler cultivated the tract he got from Wessels as long as he lived, and his heirs have cultivated it ever since. For nearly thirty years Wessels and Schoeffler abided by their trade. In 1921, however, one August Meyer, appellant herein, the owner of the Wessels farm, without notice and without offering to trade back to the Schoefflers the land Schoeffler had traded to his predecessor, Wessels, went upon the three acres in controversy, while a crop of wheat was growing thereon, and built a fence on the original line of the tract. The Schoefflers promptly tore down Meyer's fence, and this action was commenced.

The Schoefflers, the respondents, base their title on adverse possession. The trial court found in their favor. From that decree this appeal is taken. Appellant assigns numerous errors on the part of the lower court, all of which relate to the alleged insufficiency of the evidence.

The evidence is amply sufficient to sustain the court's findings that the tract claimed by respondents had been both protected by a substantial inclosure and cultivated for approximately thirty years. But appellant insists that it appears from the evidence that respondents have not paid the taxes. To acquire title to land by adverse possession, it is necessary to comply with all the provisions of the statute relating thereto. C. S., sec. 6603, provides among other things:

"That in no case shall adverse possession be considered established under the provisions of any sections of this code unless it shall be shown that the land has been occupied and claimed for the period of five years continuously, and the party or persons, their predecessors and grantors, have paid all taxes, state, county or municipal, which have been levied and assessed upon such land according to law."

The three-acre tract was not separately assessed for taxes. It conclusively appears from the evidence that each of the three-acre tracts, during all the time after the trade, continued to be assessed to the owner of the legal subdivision from which each tract had been separated, by the road. Although Wessels traded the three acres in question to Schoeffler about 1889, the three acres continued to be assessed to Wessels and his successors, and Wessels and his successors paid all the taxes levied and assessed thereon. This fact, which was not only established by the evidence but was stipulated by the parties during the trial, is determinative of the action, and necessitates a reversal of the judgment. The payment of all state, county and municipal taxes levied and assessed upon land for a consecutive period of five years is an indispensable requirement of the statute to establish title by adverse possession. (C. S., sec. 6603.) Not having paid the taxes levied and assessed against the land respondents cannot establish title thereto upon a claim of adverse possession. And while there is no question here about cultivation and a substantial inclosure, no rule of law has been brought to our attention, and we know of none, which would justify a holding that the payment of taxes

levied and assessed upon the forty-acre tract belonging to Schoeffler would constitute a payment of the taxes levied and assessed upon the adjacent tract of three acres, when it was known to the parties that the additional three acres was included in another governmental subdivision.

Respondents rely upon the decision of this court in *Bayhouse v. Urquides,* 17 Ida, 286, 105 Pac. 1066. The decision is not in point. The facts are different. There it was held that the premises in dispute actually constituted a part of the lot, according to the original survey and the monuments erected to mark the boundary line, and that the original survey and the monuments controlled the assessments just as they had controlled the occupancy of the disputed premises. And this is not a case where the owners of adjoining lands, being uncertain of the location of the boundary line between their lands, agree upon its true location, construct fences accordingly and occupy up to the line established, thereby making the line marked by them the true line. In such a case the payment of taxes according to the descriptions in their deeds has been held to constitute the payment of taxes up to the boundary line agreed upon by them. In this case there never was an uncertainty in the location of the line between Schoeffler and Wessels and there is no occasion to apply the theory of agreed boundaries. The case of *Price v. De Reyes,* 161 Cal. 484, 119 Pac. 893, cited by respondents, therefore, does not apply.

Judgment reversed. Costs to appellant.

McCarthy, C. J., and William A. Lee, J., and Johnson, District Judge, concur.