## WOOLVERTON ET UX. *v.* MILLER.

[No. 11,993. Filed July 1, 1925. Rehearing denied October 14, 1925. Transfer denied November 4, 1925.]

1. BOUNDARIES.—*Owner of land abutting on highway, presumption as to conveyance to center of highway.*—When the owner of real estate, holding title to the center of a highway, makes a conveyance of such land, or any part thereof, bordering on such highway, it is presumed that he intends to convey to the center of such highway, unless a contrary intention appears from his express words or a specific description.  p. 578.

2. BOUNDARIES.—*Conveyance of twenty acres of land adjoining highway held not to convey designated number of acres outside of highway.*—A deed conveying twenty acres of land adjoining a highway which described the land conveyed as "twenty acres off the east side of forty acres off the west side" of all that part of a specified quarter section "that lies north of" said highway, conveyed to the center of the highway where the grantor's title extended to the center thereof, and the grantee would not be entitled to twenty acres exclusive of the highway.	p. 579.

From St. Joseph Superior Court; *Lenn J. Oare,* Judge.

Action by Sallie R. Miller against John Woolverton and Lillian Ware Woolverton, husband and wife. From a judgment for plaintiff, the defendants appeal. *Affirmed.* By the court in banc.

*G. A. Farabaugh* and *Walter R. Arnold,* for appellants.

*Maxine E. Ryer* and *E. J. Richardson McCarthy,* for appellee.

NICHOLS, J.—Action by appellee against appellants to quiet the title of appellee to certain real estate in St. Joseph county, Indiana. Appellants filed a cross-complaint asking that their title to such real estate be quieted in them. There were special findings of fact filed by the court with conclusions of law in favor of appellee, upon which conclusions, judgment was rendered.

Error in each of the conclusions of law, and error in overruling appellants' motion for a new trial are assigned in this court. A reference to the following plat of the land involved will help better to understand the question which the parties present:

It appears by the special findings that on May 14, 1881, one Jacob Miller became seized in fee simple of that part of the southwest quarter of section 33, township 33 north, range 2 east, which lies north of the *center* of the Michigan road as now located through said quarter section, and containing 120 acres more or less. The plat above embraces said 120 acres. The Michigan

road mentioned in said description is now known as the "Lincoln highway."

On August 20, 1884, said Jacob Miller and his wife conveyed by warranty deed to one Carpenter a part of said real estate marked "A" on the plat, and described as twenty acres off of the west side of said farm as lying north of the center of the Michigan road.

On April 7, 1904, said Jacob Miller conveyed by warranty deed to Michael J. Post the tract marked "E" on said plat, being thirty-six and one-half acres off of the east side of said farm, described by metes and bounds, and as extending to the center of said Michigan road.

On July 15, 1913, said Jacob Miller and wife conveyed by warranty deed the tract of land marked "F" on said plat, described by metes and bounds and as lying north of the center of the Michigan road, said tract containing one acre.

On November 14, 1916, said Jacob Miller, then a widower, conveyed Roe L. Miller and wife by warranty deed the tract of land marked "B" upon the said plat and described as twenty acres off of the east side of forty acres off of the west side of all that part of the said southwest quarter that lies north of the Michigan road, known as the Lincoln highway, except the one acre tract last above described.

On said November 14, 1916, said Miller conveyed by warranty deed to Ora Miller, who was his son, and appellee Sally Miller, his wife, as husband and wife, the tract of land marked "C" on said plat, and described as twenty acres taken off of and from the east side of sixty acres off of the west side of all that part of said southwest quarter that lies north of the Michigan road, now known as the Lincoln highway.

On said November 14, 1916, said Jacob Miller, by his last will and testament, devised and bequeathed all
VOL. 83—37

the balance and residue of his property, real, personal and mixed, to Roe L. Miller and his wife the undivided half thereof, and to Sally Miller, wife of Ora M. Miller, the remaining undivided half thereof. On October 20, 1919, said Roe Miller and Anna Miller, husband and wife, conveyed said tract "B" to appellants. After such purchase, appellants caused said tract to be surveyed and stakes set so as to include twenty acres of land east of the tract marked "A," exclusive of the land within the limits of the Michigan road or Lincoln highway. By such survey, the east line of said tract "B" was located fourteen and nine-tenths feet farther to the east than it would have been located had the survey and measurements been made to the center of the Michigan road, or Lincoln highway. Appellants erected a fence upon the line which they so attempted to establish, which they have since maintained. The land within the highway and from the east line of tract "A" to the line so located by appellants embraces sixty-four-hundredths of an acre. The dispute between the parties is as to the ownership of said strip of land fourteen and nine-tenths feet wide marked on the plat "G."

With these descriptions and the plat before us, the question which we have to determine is as to whether, in the conveyance made by Jacob Miller to his son Roe and his wife and by them to appellants, the half of the highway is to be included in the measurement of the quantity conveyed, or is the quantity to be measured exclusive of any land in the highway. It is to be observed that in the purchase of the whole tract of 120 acres, the description was of so much of said southwest quarter as lies north of the *center* of the Michigan road, containing 120 acres; that in the conveyance made by Jacob Miller to Carpenter of tract "A," the description was of twenty acres of land off the west side of his said farm, the same lying

north of the *center* of Michigan road; that in the conveyance made by said Jacob Miller to Michael J. Post of the tract marked "E," the description was thirty-six and one-half acres off of the east side of his said farm, lying north of the *center* line of the Michigan road; and that the description of the one-acre tract marked "F" was of such tract as lying north of the *center* of the Michigan road. The other tracts, however, were described as lying north of the Michigan road, known as the Lincoln highway. It is a rule, we may say, of universal recognition that when a vendor, as here, holds the title of real estate to the center of a highway, and makes a conveyance of such land, or any part thereof, it is presumed that he intends to convey to the center of such highway, unless, by his express words, and by specific description, a contrary intention appears. Authorities in Indiana to this effect are *Cox* v. *Louisville, etc., R. Co.* (1874), 48 Ind. 178; *Warbritton* v. *Demorett* (1891), 129 Ind. 346, 27 N. E. 730, 28 N. E. 613; *Haslett* v. *New Albany, etc., R. Co.* (1893), 7 Ind. App. 603, 34 N. E. 845; *Western Union Tel. Co.* v. *Krueger* (1905), 36 Ind. App. 348, 74 N. E. 25; *Irvin* v. *Crammond* (1915), 58 Ind. App. 540, 543, 108 N. E. 539.

Numerous authorities from other states are collated and cited in an annotation to the case of *Woolf* v. *Pierce* (1913), 209 N. Y. 344, 103 N. E. 508, 2 A. L. R. 1, 6.

The presumption in this case is certainly a reasonable one. There could be no purpose upon the part of the grantor in retaining such narrow strip of land within the limits of the highway after having conveyed the tillable land bordering thereon, and it would be unreasonable to assume that he intended to retain such a right which would be of no possible use to him, while it might be of serious injury to his grantee. Let us assume in this case that there were, within the limits of the highway, but outside of the traveled

portion thereof, shade trees, ornamental shrubbery, or fruit trees, planted, of course, for the benefit of the owner of the land involved, and to beautify his home surroundings. The grantee having purchased the tract of land, but the grantor still owing the fee within the limits of the highway, such grantor would have a legal right to cut down the shade trees, shrubbery, or fruit trees for fire wood, or for any other purpose, and the grantee would be helpless. Could the grantee at the time have realized that such a possible condition confronted him, it is hardly to be presumed that he would have purchased the real estate. There is nothing in the language of the description involved that overcomes the presumption that the grantor intended to convey all of the real estate that he owned even to the center of the highway. As found by the trial court, appellants have attempted to establish their east line fourteen and nine-tenths feet too far to the east. There is no reversible error.

The judgment is affirmed.