186 P.2d 217

### BALMER v. POLLAK et al.
### No. 7370.

Supreme Court of Idaho.
Nov. 10, 1947.

B. A. McDevitt, of Pocatello, for appellants.

Albaugh, Bloem & Hillman, of Idaho Falls, for respondent.

GIVENS, Justice.

Jacob Schmier and wife owned Lots 4 and 5 of Block 23 of Scott's Addition to the City of Idaho Falls, Idaho, and September 7, 1940, sold Lot 5 to the Jacobsons, who in the fall of 1941, built a house thereon. Upon Schmier starting to erect a fence in July or September 1941 upon the lot line between the two lots, he was approached by Mrs. Jacobson, who contended this fence would be too near her house and thereupon Schmier orally sold to her for a consideration of $40.00, four feet of Lot 4 and erected the fence on this new division line to about eighty feet back from the

street, the lot extending 125 feet. Thereafter Schmier transferred Lot 4, without reservation of the west four feet of said Lot, to R. H. Frew in February 1945, who in turn similarly sold to John N. Palmer, the present respondent, on January 14 and 15, 1946.

Taxes were paid by the respective parties on the respective lots as Lots 4 and 5, without reference to the four feet.

Upon respondent undertaking to remove the fence, he was informed by appellants of their claim to the four feet in question and brought this suit in December 1946 to quiet his title to the full Lot 4, securing a favorable judgment.

After the Schmiers had transferred Lot 4 to respondent's predecessor in interest on February 8, 1945, they gave a Quit Claim deed dated September 20, 1945, recorded April 4, 1946, to H. Dean Hoff and Maurine D. Hoff, for the west four feet of said Lot 4, who in turn gave a similar deed dated January 7, recorded January 9, 1946, to appellants.

Appellants contend the complaint was drawn on the theory that following a dispute as to the true boundary, there was an agreement by Jacob Schmier and Mrs. Jacobson, fixing the true and correct boundary and which was in effect there-after for more than five years, relying on the case of Strahorn v. Ellis, 66 Idaho 572, 165 P.2d 294; also that the complaint shows title by prescription.

■ Appellants' contention must fail as to the first theory, because it was not shown there was any uncertainty, dispute or misunderstanding as to the true boundary—merely an oral sale of realty was attempted, contrary to the Statute of Frauds, Section 16-505 I.C.A. There being no uncertainty, dispute or misunderstanding as to the boundary, Strahorn v. Ellis, supra, is not in point. Meyer v. Schoeffler, 39 Idaho 500, 227 P. 1061.

■ Appellants' claim of prescription is not tenable, because each party has paid taxes only on their respective lot, such being merely payment upon the land confined between boundaries of the lots as indicated and not as to Lot 5 enlarged by the subsequent attempted sale of four feet from Lot 4. Meyer v. Schoeffler, supra.

The judgment is, therefore, affirmed. Costs awarded to respondent.

HOLDEN, MILLER, and HYATT, JJ., concur.

BUDGE, C. J., sat in the case, but expresses no opinion.