225 P.2d 463

**MULDER v. STANDS et ux.**

No. 7629.

Supreme Court of Idaho.

Dec. 14, 1950.

Anderson & Thomas, Boise, for appellant.

Frank E. Chalfant, Boise, for respondents.

KEETON, Justice.

Appellant, plaintiff below, brought this action to quiet title to, and eject respondents, defendants below, from a strip of land claimed by the appellant.

The land in dispute is 32.15 feet wide on the south and 31.04 feet wide on the north, and runs north and south through Lot 1, Block 17, Scott's Subdivision, Ada County. This lot is bounded on the north by Emerald Street, on the east by Roosevelt Street (Boise), both streets being fifty feet wide, and is bounded on the west and south by alleys sixteen feet in width.

These alleys have not been opened to or used by the public, and both parties, in constructing fences around the exterior boundaries of their respective land, included within the area so fenced to the center of each alley adjacent thereto.

All of said Lot 1 was formerly owned by John A. Nannie A. Balay, now deceased. On January 31, 1935, Balay and wife conveyed the west two acres of said lot to Virgil J. and Iva O. Ridenour, and they, on May 20, 1944, conveyed the said west two acres to respondents, Neal R. and Elva E. Stands. On July 15, 1936, Balay and wife conveyed all of Lot 1, *except the west two acres* to appellant. In December, 1935, Balay and Ridenour measured from the

center of the alley on the west along the north boundary of the tract to a point 263.9 feet from the center of the alley and constructed a fence from that point running north and south across the lot. This fence was of substantial construction; the corner posts were set in concrete; the posts were spaced twelve feet apart; a strand of barbed wire was strung along the bottom of the posts, woven wire along the middle and three strands of barbed wire, properly spaced, along the top.

This fence, supposedly dividing the west two acres from the east part of the tract, remained in place until March, 1949, the respondents and their predecessors in interest occupying and using the land west of the fence, and the appellant and predecessors in interest the land east of the fence. In April, 1943, a lessee of the then owners of the west two acres constructed a new dividing line fence thirty-one feet east of that originally constructed and the appellant in June, 1943, tore this fence down.

In March, 1949, respondents tore down the original fence constructed in 1935, and using the material from it, constructed a fence across the land claimed by the appellant, thirty-two feet east of the original line fence. Thereupon, appellant brought this action to determine the ownership of the land between the fence originally constructed and the one thus constructed by the respondents.

On issues framed, the trial court found the true boundary line to be the fence constructed in 1949, and dismissed the plaintiff's complaint. This appeal is from the judgment.

The appellant contends; first, that the land in dispute is part of his original purchase from Balay, he having purchased all the land except the west two acres of the tract in question; that if the whole tract as platted is measured to include the center of the street and alleys surrounding the same, it equals five acres and that by deed he purchased three-fifths of the tract and the respondents are the owners of two-fifths of the tract; second, that when Ridenour (respondents' grantor) bought the west two acres, he and his grantor, Balay, measured the land to the fence line as originally constructed, and established, by agreement, the fence as the dividing line; third, that he has used, occupied and enjoyed the land openly and adversely, claiming ownership for more than thirteen years subsequent to his purchase (1936) and that the original line fence above referred to has at all times been recognizd and acquiesced in as the boundary between the two parcels of land.

If the land owned by the respondents is measured from the center of the alleys and the center of the street surrounding the same, the amount of land in respondents' tract would equal two acres and this is the criterion used in measuring the land by the grantor and grantee when the line fence was originally constructed in 1935.

The original line fence having been constructed by Balay and Ridenour (predecessors in interest) and measurement having been made by them from the center of the alley, it is appellant's further contention that by such acts, Balay and Ridenour construed the deed to mean two acres inclusive of abutting streets and alleys and that the facts and circumstances at the time of the original sale by Balay of the west two acres clearly demonstrate that in measuring the two acres the aim was to include half of the street and half of the alleys abutting the tract conveyed.

Conversely, respondents contend that the original fence was only temporary and was to be moved when the true boundary was determined.

When Balay sold the east part of the tract to appellant (1936) he (Balay) indicated the fence in place as the dividing line of the two tracts, and nothing was said about any arrangement to change the fence to conform to a survey to be subsequently made.

It will be noted that the appellant, after purchasing the east part of the tract, for more than five years held adverse possession to the original line fence, claiming such fence to be the boundary. After an attempt was made to relocate the dividing fence in 1943, by the respondents' predecessors in interest, appellant again had possession and use of the land as against the respondents for a further period of more than five years, at all times claiming to be the owner thereof.

Where a boundary is established by agreement, followed by acquiescence and possession, and particularly possession for the full statutory period for establishing title by prescription, the line thus established determines the location of the estate and establishes the true line or division. 11 C.J.S., Boundaries, § 69, p. 642; Kesler v. Ellis, 47 Idaho 740, 278 P. 366; O'Malley v. Jones, 46 Idaho 137, 266 P. 797; Bayhouse v. Urquides, 17 Idaho 286, 105 P. 1066; Taylor v. Reising, 13 Idaho 226, 89 P. 943; Urquide v. Flanagan, 7 Idaho 163, 61 P. 514.

The respondents contend that the boundary as originally established was subject to change, if a different boundary should be determined by a survey. If such is the case, the appellant had no notice of any such agreement. The land pointed out to him by his grantor, and which he assumed he was purchasing, was to the line fence then in place, and the appellant would be entitled to all the land east of the original fence as constructed by adverse possession. McCabe v. Moore, Tex.Civ.App., 38 S.W.2d 641; Major v. Meyers, Tex.Civ. App., 111 S.W.2d 1184; Chattim v. Auld, Tex.Civ.App., 219 S.W.2d 702, 11 C.J.S., Boundaries, § 69, p. 644.

Further, in the case before us, the respondents' predecessors in interest established by conduct and understanding the intent of the parties and by actual measurement determined the quantity of land conveyed and in measurements included to the

center of the abutting street and alleys. Thus, the parties made a practical construction of what constituted the west two acres of the tract in question. Where the parties put a reasonable, practical construction on a deed and adhere to the construction for a period of years, such construction is binding on subsequent purchasers who have no notice of any different oral arrangement. Earl v. Dutour, 183 Cal. 58, 183 P. 438, 6 A.L.R. 1163; Moniz v. Peterman, 220 Cal. 429, 31 P.2d 353; Pierson v. Bradfield, 43 Cal.App.2d 519, 111 P.2d 460; Woolverton v. Miller, 83 Ind.App. 574, 148 N.E. 621.

Thus, it appears that the parties not only construed the deed, but divided the land and acquiesced in the location of the line fence for a period exceeding the requirements of the Statute of Limitations, Sec. 5-207.

Contention is made that appellant did not prove payment of taxes for the required period on the land in dispute.

The west two acres of the tract was assessed to respondents and the balance of the tract was assessed to the appellant. Respondents paid the taxes on the west two acres and appellant the taxes on the remaining part.

Where a fence constitutes a monument between tracts of conterminous owners and such monument establishes the boundary line between the adjoining premises, the requirement of the statute as to payment of taxes is satisfied by such payment on the lot within which the disputed tract is enclosed, and to which as herein found it belongs. Hence the statute requiring payment of taxes to perfect title by adverse possession is satisfied. Bayhouse v. Urquides, 17 Idaho 286, 105 P. 1066; 132 A.L.R. 225.

The case of Meyer v. Schoeffler, 39 Idaho 500, 227 P. 1061, cited by respondents, is not in conflict with the views expressed herein.

The evidence clearly shows that appellant and his predecessors in title have occupied, used and claimed to own the strip of ground in controversy for such a period of time as to perfect title. The judgment is therefore reversed, with instructions to the trial court to enter judgment for appellant. Costs to appellant.

GIVENS, C. J., and PORTER and TAYLOR, JJ., and McDOUGALL, District Judge, concur.