GORBY ET AL. *v.* MCENDARFER.

[No. 19,666. Filed July 15, 1963.]

*George Sands,* of South Bend, for appellants.

*Lenn J. Oare, William J. Reinke* and *Oare, Thornburg, McGill & Deahl,* all of South Bend, for appellee.

CARSON, P. J.—This was an action to quiet title to a tract of land. The cause was tried in the St. Joseph Superior Court No. 2 without a jury and upon a stipulation of facts which stipulation reads as follows:

"It is agreed and stipulated by and between the parties that the following facts are admitted as true, and shall constitute the evidence in this case: "ONE By a special warranty deed dated July 2, 1902, and recorded July 10, 1902, in Deed Record 122, at page 411 of the Recorder's office, St. Joseph County, Indiana, Charles Edward Early and Ella Early, his wife, acquired the following described real estate, situated in St. Joseph County, State of Indiana, to-wit:

"The east half of the southwest quarter, and the west half of the northeast quarter of Section 32, Township 36, North Range One east, containing 160 acres, more or less.

"TWO That all of the real estate which is the subject of this cause of action is located in said northeast quarter of the southwest quarter of said Section 32.

"THREE That subsequent thereto the said Charles E. Early was divorced on the complaint of his wife, Ella Early, and the bonds of matrimony thereto fore existing between the parties were dissolved, and the plaintiff, Ella Early granted a divorce from the defendant by order of the St. Joseph County Circuit Court in Number 20755, dated May 28, 1925, and thereafter on the same date the said Charles E. Early, single and of full age, did convey to Ella Early by means of a quit claim deed recorded in Deed Record 190, at page 430, of the Recorder's office of St. Joseph County, Indiana, a tract of land desdribed (sic.) as follows, to-wit: A tract of land containing 90 acres in a rectangular

form taken off of and from the entire length of the north end of the following described tract of land, to-wit: The east half of the southwest quarter, and the west half of the southeast quarter of Section 32, Township 36 north, Range One east, situated in St. Joseph County, State of Indiana.

"That said Ella Early is common grantor in chain of title to all of the real estate claimed by the litigants in this proceeding;

"That the said Ella Early held full legal title in fee simple absolute as an unmarried female of full age at the time of making the respective conveyances hereinafter set forth.

"FOUR That on the 22nd day of February, 1941, Ella Early did deed and convey to Willard Whitmore and Gertrude Whitmore, husband and wife, by deed recorded in Deed Record 330 at page 333 of the records of the County Recorder of St. Joseph County, Indiana, the following described real estate, to-wit: Commencing at the northwest corner of the east half of the southwest one quarter of Section 32, Township 36, north Range One east, thence running south 118 feet; thence east to the Liberty Highway or State Road Number 23, thence northerly along the west line of said highway to the north line of the southwest quarter of said Section; thence due west 1854 feet to the place of beginning, containing five acres more or less.

"FIVE That by warranty deed dated September 16, 1941, and recorded in Deed Record 338 at page 140 of the records of St. Joseph County, State of Indiana, Ella Early conveyed by warranty deed to Charles Clifford Lawson, Jr. the following described real estate situated in St. Joseph County, State of Indiana, to-wit: Commencing on the south line of a tract of land conveyed to Willard Whitmore by Ella Early by deed dated February 22, 1941, at a point 118 feet south of the north line of the east half of the southwest quarter of Section 32, Township 36 north, Range One east and 544 feet west of the public highway or State Road Number 23, thence south 120 feet; thence east to the said highway; thence following said highway in a northeasterly direction to a point due east of

the place of beginning, thence west 544 feet to the place of beginning, containing 1 1/2 acres, more or less.

"SIX That on the 14th day of November, 1944, Charles Clifford Lawson, Jr., and Rozella M. Lawson, husband and wife, by warranty deed recorded in Deed Record 380, at page 265, in the office of the Recorder of St. Joseph County, conveyed to Claude Gorby and Agnes Gorby, husband and wife, the defendants herein, the following described real estate: Commencing on the south line of a tract of land conveyed to Willard Whitmore, by Ella Early by deed dated February 22nd, 1941, at a point 118 feet south of the north line of the east half of the southwest quarter of Section 32, Township 36 north, Range One East, and 544 feet west of the public highway or State Road 23, thence south 120 feet; thence east to the said highway; thence following said highway in a northeasterly direction to a point due east of the place of beginning, thence west 544 feet to the place of beginning, containing 1 1/2 acres, more or less; in Liberty Township.

"SEVEN That thereafter, to-wit, on the third day of May, 1945, by warranty deed recorded in Deed Record 386, at page 403, in the office of the Recorder of St. Joseph County, Ella Early, unmarried and of full legal age, conveyed to Claude E. McEndarfer and Mildred McEndarfer, husband and wife, the following described real estate situated in St. Joseph County, State of Indiana, to-wit:

"A parcel of land in the northeast quarter of the southwest quarter of Section 32, Township 36 north, Range 1 east, containing 6.64 acres, bounded by a line described as beginning at an iron stake in the west line of the aforesaid northeast quarter of the southwest quarter of the aforesaid Section 32 at a point 118 feet south of the northwest corner of the aforesaid northeast quarter of the aforesaid southwest quarter of said Section 32, thence east and parallel with the east and west center line of said Section 32, a distance of 1277.6 feet to an iron stake; thence south and parallel with the west line of said northeast quarter of the southwest quarter of said Section 32, a distance of 226.4 feet

to an iron stake; thence due west and parallel with the first described line 1277.6 feet to the west line of the northeast quarter of the southwest quarter of said Section 32; thence north on the west line of said northeast quarter of the southwest quarter of said section, 226.4 feet to the place of beginning.

"EIGHT That thereafter, to-wit, on the 17th day of March, 1948, Claude E. McEndarfer and Mildred B. McEndarfer, husband and wife, conveyed by warranty deed recorded in Deed Record 435, at page 597, to Raymond A. McEndarfer, the plaintiff herein, the following described real estate situated in St. Joseph County, State of Indiana, to-wit: A parcel of land in the northeast quarter of the southwest quarter of Section 32, Township 36, north, Range 1 East in said St. Joseph County, containing 6.64 acres, bounded by a line described as beginning at an iron stake in the west line of the aforesaid northeast quarter of the southwest quarter of the aforesaid Section 32 at a point 118 feet south of the northwest corner of the aforesaid northeast quarter of the aforesaid southwest quarter of said Section 32, thence east and parallel with the east and west center line of said Section 32 a distance of 1277.6 feet to an iron stake; thence south and parallel with the west line of said northeast quarter of the southwest quarter of said Section 32, a distance of 226.4 feet to an iron stake; thence due west and parallel with the first described line 1277.6 feet to the west line of the said northeast quarter of the southwest quarter of said Section 32; thence north on the west line of said northeast quarter of said section, 226.4 feet to the place of beginning.

"NINE It is stipulated and agreed by and between the parties that the distance between a point 118 feet south of the northwest corner of the northeast quarter of the southwest quarter of Section 32 to the west line of Liberty Highway is 1791 6/10 feet.

"It is further stipulated and agreed by and between the parties that the distance between the same point on said line to the center line of said highway is 1821 6/10 feet.

"TEN It is stipulated by and between the parties that Ella Early is deceased.

"ELEVEN It is further stipulated and agreed by and between the parties that at the point referred to in the preceding stipulation Liberty Highway is 60 feet wide.

"TWELVE It is stipulated and agreed by and between the parties that a point 118 feet south of the northwest corner of the northeast quarter of the southwest quarter of Section 32, and 544 feet west of the west line of Liberty Highway, is 30 feet east of a point 118 feet south of said northwest corner and 1277 6/10 feet east thereof."

The court below found that the appellant's claim of interest was without right and unfounded, and quieted the title to the land in dispute, being an area 110 feet by 30 feet and vested the title in the appellee.

The appellants filed a motion for new trial setting up that the decision was not sustained by sufficient evidence and that the decision was contrary to law. The error asserted is the overruling of the motion for new trial.

The first proposition asserted by the appellant to the effect that the decision is not sustained by sufficient evidence calls upon us to examine the evidence upon which the trial court's judgment was based.

The case below having been tried on the stipulation of facts leaves us with the responsibility of considering whether or not the facts so presented support the finding and judgment of the trial court. There is no question of admissibility, relevancy or probative value of the evidence. We are in effect being asked to weigh the evidence and substitute our judgment for that of the trial court. The cases have repeatedly held that the Appellate Court cannot weigh evidence either oral or written, but where the evidence

is entirely based on stipulations, the Appellate Tribunal is in as good a position as the trial court to determine its force and effect. Flanagan, Wiltrout and Hamilton's, *Indiana Trial and Appellate Practice,* §2786 and cases therein cited.

The second proposition namely that the decision was contrary to law, requires us to determine whether or not the appellant was denied the relief to which he was entitled under the evidence. That portion of the evidence which we may consider has been limited by the decision of the Supreme Court of Indiana in the case of *Hinds, Executor, etc.* v. *McNair et al.* (1955), 235 Ind. 34, 129 N. E. 2d 553, in that case the court said:

> "If the undisputed evidence entitles the one who has the burden of proof to a verdict which has been denied him, such verdict is contrary to law. To determine this question we may consider only the evidence most favorable to the appellees, together with all reasonable inferences which may be drawn therefrom.
>
> " 'It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decison of the trial court will be set aside on the ground that it is contrary to law.' *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669."

To the same effect see *City of Angola* v. *Hulbert et al.* (1959), 130 Ind. App. 97, 162 N. E. 2d 324.

A careful examination of the language of the conveyances set out in stipulations five and six show only a general reference to the highway. There are no words showing the establishment of a call for the side or edge of Liberty highway. In Ann. 49 A. L. R. 2d 1020 we find the general rule clearly stated:

> "The view almost invariably taken in the later, as well as in the earlier, cases, is that a conveyance

4. describing the premises by metes and bounds and calling generally for a highway as a boundary, without distinctly designating either edge or any part thereof, carries title to the center line (in an appropriate case to the farther edge) of the highway, unless a contrary intention sufficiently appears." See also *Irvin* v. *Crammond* (1914), 58 Ind. App. 540, 108 N. E. 539.

The contention of the appellant that such construction reduces the quantity of land belonging to the appellant is answered in the case of *Hollars* v. *Stephenson* (1951), 121 Ind. App. 410, 99 N. E. 2d 258, where the court said:

"On the question of acreage, the courts have held that 'the quantity of land contained in a tract is the least important element in determining the boundary.' *Gary Land Co.* v. *Griesel* (1913), 179 Ind. 204, 100 N. E. 673."

Generally speaking when a street or highway is vacated or abandoned the title to the land reverts to the abutting property owners. 11 C. J. S., Boundaries, §35, p. 589. This rule exists by virtue of the fact that the abutting land owner owns to the center of the street or highway subject only to an easement of the public to the use of the street or highway. Street, *Indiana Title to Real Property*, §789.

Considering the stipulation we think that the description is entitled to but one construction, namely: that the grantor intended to convey real estate to the center line of the highway in question. In the absence of clear language showing a different intention we feel that the rule in the case of *Woolverton* v. *Miller* (1925), 83 Ind. App. 574, 148 N. E. 621, is applicable to the instant case. In the *Woolverton* v. *Miller, supra,* case the court at page 579 said:

"It is a rule, we may say, of universal recognition that when a vendor, as here, holds the title of real estate to the center of a highway, and makes a conveyance of such land, or any part thereof, it is presumed that he intends to convey to the center of such highway, unless, by his express words, and by specific description, a contrary intention appears."

The judgment of the trial court is affirmed.

Judgment affirmed.

Cooper, Clements, and Ryan, JJ., concur.

NOTE.—Reported in 191 N. E. 2d 786.