INDIANA BANK AND TRUST CO. *v.* LINCOLN NATIONAL
BANK & TRUST CO. OF FORT WAYNE.

[No. 19,973. Filed May 11, 1965. Rehearing denied
June 17, 1965. Transfer denied September 29, 1965.]

Shoaff, Keegan & Baird and Howard L. Chapman, of Fort Wayne, for appellant.

Barrett, Barrett & McNagny, William F. McNagny, and J. A. Bruggeman, of Fort Wayne, for appellee.

MARTIN, J.—The appellant brought this action against appellee to recover amounts paid to appellee upon certain checks bearing the forged endorsement of the respective payees.

The trial court found that appellant should take nothing on its amended complaint and entered judgment in favor of the appellee. The appellant's motion for a new trial assigned that the decision was contrary to law. Said motion for a new trial was overruled by the trial court. The appellant's assignment of error was that the court erred in overruling appellant's motion for a new trial. The appellee in this case has raised certain questions in its answer brief attacking appellant's brief on technical grounds.

The appellee applied for and received an extension of time for filing its brief. Rule 2-16 of the Supreme Court requires the petition to "state facts showing that the Court in which the cause is pending has jurisdiction and that the brief will be on the merits." An objection that the evidence is not in the

record does not go to the merits of the appeal, and by the appellee's petition for extension of time the alleged error was waived. *Gamble* v. *Lewis* (1949), 227 Ind. 455, 459, 85 N. E. 2d 629; *Ind. Dept. of State Rev.* v. *Mertz* (1949), 119 Ind. App. 601, 88 N. E. 2d 917; *Brodt* v. *Duthie* (1933), 97 Ind. App. 692, 186 N. E. 893.

The numerous questions presented by the appellee's answer brief pertaining to defects in the appellant's brief have been waived and hence cannot be considered, due to the appellee's filing of a petition for an extension of time to file its brief. *Ind. Dept. of State Rev.* v. *Mertz, supra,* page 604 of 119 Ind. App.

We are able to determine from the briefs the questions which the appellant seeks to present.

The following facts are hereby stipulated by agreement between the parties in the above matter as follows:

"1. That at all times relevant herein the Plaintiff has been a domestic banking corporation pursuant to the laws of the State of Indiana.

"2. At all times relevant herein Defendant has been a national banking corporation pursuant to the laws of the United States of America and doing business in Fort Wayne, Indiana.

"3. That at all times relevant herein W. A. Sheets & Sons, Inc., maintained a checking account with the Plaintiff.

"4. That at various times beginning with March 25, 1958, and ending with March 15, 1960, the said W. A. Sheets & Sons, Inc., prepared and executed certain checks on its account with Plaintiff, a list of such checks showing the named payee, the check number, the date of each check, the date cashed, and the amount of each check, being attached hereto as 'Schedule A' and incorporated herein by reference. That all of said checks were executed on behalf of W. A. Sheets & Sons, Inc., by Ralph H. Sheets, with the exception of check number

3238, which was executed by Gale H. Foulk, and that the persons who executed said checks would testify they were not aware, at the date of said execution, of any intended fraud in connection with said checks. That Luke F. Gallimore obtained possession of each of said checks and endorsed the name of the payee on the back thereof, but without the consent, knowledge, or authority of the named payee, if any actually existed. That said Luke F. Gallimore thereafter took said checks on various dates to the Defendant-Bank and cashed the same and appropriated all of the funds received to his own use and benefit. Witnesses would testify that the said actions of Luke F. Gallimore were fraudulent and unknown to W. A. Sheets & Sons, Inc. at the time thereof. That said checks are herewith offered into evidence by Plaintiff collectively as Plaintiff's Exhibit 'I', and without objection of Defendant.

"5. That Defendant endorsed the above described checks with the following words: 'Prior endorsements guaranteed.' That Defendant then presented each check to Plaintiff for payment through normal banking channels and that Plaintiff paid Defendant the full face amount of each such check. Witnesses from Plaintiff would testify that at the time of payment the Plaintiff had no notice or knowledge of any defect or irregularity in connection with said checks.

"6. That as each check was presented to Plaintiff by Defendant, Plaintiff paid such checks and charged the face amount thereof against the depositor, W. A. Sheets & Sons, Inc. That subsequently, and after the last of said checks had been presented to Plaintiff and paid, Plaintiff learned of those matters set out in numbered paragraph 4 hereof. That thereafter W. A. Sheets & Sons, Inc. demanded that Plaintiff credit the account of W. A. Sheets & Sons, Inc. with the amounts of such checks and that Plaintiff did so credit the account of said W. A. Sheets & Sons, Inc.

"7. That Plaintiff has made demand on Defendant for payment of such checks but that Defendant has refused and continues to refuse to pay same.

"8. Defendant offers into evidence its Exhibit A

being a letter to Indiana Bank dated 6/1/60. Plaintiff offers into evidence its Exhibit B being a letter to Indiana Bank dated 11/24/61. Both letters accepted into evidence.

"9. Defendant offers Exhibit B being a list of checks (photostatic) cashed by Luke Gallimore, including checks other than those on which Plaintiff sues herein. Plaintiff objects to admission on ground of immateriality as to those checks not sued on in this case. If overruled, checks may be admitted.

"10. The order of submission of checks after cashing is as follows:

"(a) Checks cashed at Lincoln

"(b) Lincoln forwards to Indiana

"(c) Indiana charges Sheets account

"(d) Sheets advised Indiana

"(e) Indiana credits Sheets account

"(f) Indiana made demand on Lincoln.

"Dated this 30th day of January, 1962.

> "SHOAF, KEEGAN & BAIRD
> Attorneys for Plaintiff
> *By S/ Howard L. Chapman*
>
> "BARRETT, BARRETT & McNAGY
> Attorneys for Defendant
> *By S/ Wm. F. McNagy.*"

The evidence shows there were twenty-eight (28) forged checks in the total sum of $2996.70. The first forged check was dated April 8, 1958 and cashed on April 14, 1958. The rest of the checks were passed between that date and the date of the last check, which was dated February 23, 1960 and cashed February 26, 1960. Thus, all of said forged checks were passed within a period of one year and ten months.

Also stipulated into evidence were copies of two (2) letters as follows:

"June 1, 1960

"Indiana Bank and Trust Company of
  Fort Wayne
131 East Wayne Street
Fort Wayne, Indiana

"Attention:   Mr. Richard T. Doermer
  "In re:   Embezzlement Loss of
              W. A. Sheets & Sons, Inc.

"Dear Mr. Doermer:

"I have prepared an Affidavit which has been signed by Ralph H. Sheets and concerns the checks which were signed by him to various payees, and which bear forged endorsements. I am enclosing herewith the original of this Affidavit which has been signed and notarized, and have attached copies of all such checks to it. I am sending a copy of the Affidavit, together with a copy of this letter, to Tom Logan for his file.

"We request that the account of W. A. Sheets & Sons, Inc., be credited with the amount of such checks, $4051.65, and assume that your bank will be able to recover over against the cashing banks for each of the various checks on the basis of the guarantee of endorsement on each of them. It is our understanding that the credit to the account of the Company will be conditional upon recovery by you from the other banks, except, of course, as to the checks which were cashed at your bank. In the event that you are unable to obtain a credit from these other banks in the amounts of checks cashed by them within a reasonable time you may cancel the credit to the account of the Company; provided, however, that in this event any right which the Company may have shall not be prejudiced. Neither your bank nor the Company shall be presumed to have made any admission concerning liability in this matter. You agree to notify us as soon as the credit becomes permanent.

"If this procedure meets with your approval may I please hear from you in the near future. Thank you very much for your cooperation thus far.

"Yours truly,
"SHOAFF, KEEGAN & BAIRD
"Howard L. Chapman

"HIC:SC
Enclosure
CC  Mr. Thos. D. Logan
17th Floor Lincoln Bank Tower
Fort Wayne, Indiana

"Mr. Ralph H. Sheets
W. A. Sheets & Sons, Inc.
1052 Osage
Fort Wayne, Indiana".
and

"November 24, 1961

"Mr. Richard T. Doermer, President
Indiana Bank and Trust Company
Indiana Bank Building
Fort Wayne, Indiana

"In re: Indiana Bank v. Lincoln
Bank (W. A. Sheets Check
Problem)

"Dear Dick:

"You will recall our conversations concerning this case and the fact that we had originally thought it might be wise to have the Indiana Bank make its credit to W. A. Sheets conditional on the success of the above lawsuit. It is my understanding, however, that this agreement was never reached, and that, instead, the credit was given by your Bank to W. A. Sheets & Sons, Inc., without any strings, which is the current status. This being the case, of course, the Lincoln Bank Will [will] be unable to succeed in its claim that W. A. Sheets & Sons is the real party in interest in this case, and the law clearly gives the Indiana Bank the right to recover in its own name for the forged checks on which it paid the Lincoln Bank.

"This case goes to trial February 2, 1962, and the purpose of this letter is that I have not had anything concrete in my file to show this understanding, and accordingly, would like you to sign the copy of this letter and return it to me as evi-

dence of our mutual understanding. If you have any questions, please call.

"Yours truly,

"SHOAFF, KEEGAN & BAIRD
S/ Howard L. Chapman

"HLC:SJC
CC: Tom Logan
"S/ Richard T. Doermer"

The case below was tried on the stipulation of facts and a deposition and thereby leaves us with the responsibility of considering whether or not the facts so presented support the finding and judgment of the trial court. Where the evidence is entirely documentary or the decision is based upon admission or stipulation, the Appellate Tribunal is in as good a position as the trial court to determine its force and effect. *F. W. & H. Ind. Tr. & App. Pract.* §2786; *Sullenger* v. *Baecher* (1913), 55 Ind. App. 365, 101 N. E. 517 (transfer denied), *F. W. & H. Ind. Tr. & App. Pract.* §1760 and §1969; *Gorby* v. *McEndarfer* (1963), 135 Ind. App. 74, 191 N. E. 2d 786, 790.

The proposition that the decision was contrary to law requires us to determine whether or not the appellant was denied the relief to which it was entitled under the evidence. That portion of the evidence which we may consider has been limited by the decision of the Supreme Court of India-ana in the case of *Hinds, Executor, Etc.,* v. *McNair, et al.* (1955), 235 Ind. 34, 41, 129 N. E. 2d 553. In that case the Court said:

"If the undisputed evidence entitles the one who has the burden of proof to a verdict which has been denied him, such verdict is contrary to law. To determine this question we may consider only the evidence most favorable to the appellees, together with all reasonable inferences which may be drawn therefrom.

" 'It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law.' *Pokraka* v. *Lummus Co.*, (1952), 230 Ind. 523, 532, 104 N. E. 2d 669." *City of Angola* v. *Hulbert et al.* (1959), 130 Ind. App. 97, 103, 162 N. E. 2d 324.

The defendant (appellee) herein and for a second and further paragraph of answer to the amended complaint says that:

"1. All of the checks described in the Amended Complaint were sent by the defendant herein to the plaintiff who charged such checks against the account of its depositor W. A. Sheets & Sons, Inc. and the plaintiff herein at no time made any demand or claim upon the defendant whatsoever until after such checks had been charged in full against the account of the said W. A. Sheets & Sons, Inc.

"2. At a time unknown to the defendant, but after plaintiff had fully reimbursed itself from its depositor for any monies paid to the Lincoln Bank the said depositor W. A. Sheets & Sons, Inc., made demand upon the Indiana Bank that it repurchase said checks and the Indiana Bank did conditionally repurchase said checks by setting up a credit to the account of W. A. Sheets & Sons, Inc.

"3. W. A. Sheets & Sons, Inc. was guilty of negligence in permitting and aiding in the fraud described in plaintiff's Amended Complaint and the plaintiffs herein stands in no better position than its depositor whose claim it has purchased."

The defendant (appellee) for a fourth and further paragraph of answer says:

"1. During all of the times described in the Complaint and for a considerable period before that time both the plaintiff, Indiana Bank and the principal for whom it is acting in this action, namely, W. A. Sheets & Sons, Inc., were guilty of negli-

gence, which made the fraud described in the Complaint possible."

Appellant bank is not a holder in due course of the instruments upon which it sues because it knew of the alleged defects in the indorsements at the time. Thereafter, W. A. Sheets & Sons, Inc. demanded that plaintiffs credit the account of W. A. Sheets & Sons, Inc. with the amounts of such checks and that plaintiff did so credit the account of W. A. Sheets & Sons, Inc. When it acquired the title on which it relies, it had actual knowledge of such defects. Acts 1913, ch. 63, §52, p. 120, Burns' 19-402 1950 Replacement.

"In the hands of any other holder than the holder in due course, a negotiable instrument is subject to the same defenses as if it were nonnegotiable. . . ." Acts 1913, ch. 63, §58, p. 120, Burns' 19-408 1950 Replacement. *Nat. City Bank* v. *Kirk* (1922), 85 Ind. App. 120, 134 N. E. 772, (transfer denied).

Under the circumstances appellant is bound by any defenses appellee had against appellant's depositor W. A. Sheets & Sons, Inc. and on the facts, this is clearly a question of fact for the trial court.

The checks in question were not payable to fictitious persons so as to be bearer instruments. The fact is that the officers of W. A. Sheets & Sons, Inc. who prepared and executed the checks, had no knowledge of any fraud and fully intended that the checks be paid to the named payees only.

" 'The instrument is payable to bearer when it is payable to the order of a fictitious or nonexisting person, and such fact was known to the person making it so payable.' " *Fletcher, etc., Bank* v. *Cres-*

*cent Paper Co.* (1923), 193 Ind. 329, 341, 139 N. E. 664; Acts 1913 ch. 63, §9, p. 120, Burns' 19-109 1950 Replacement.

Gallimore, an employee of W. A. Sheets & Sons, Inc. was not acting within the scope of his employment when he fraudulently induced his employer to execute the checks, forged the name of the payee, and negotiated them, and his employer was not charged with any knowledge obtained by him in doing those unlawful acts. *Fletcher, etc., Bank* v. *Crescent Paper Co., supra,* page 335 of 193 Ind.; *Prudential Ins. Co. v. National Bank of Commerce* (1920), 227 N. Y. 510, 125 N. E. 824, 826, 15 A.L.R. 146, 148; *Shipment* v. *Bank,* etc. (1891), 126 N. Y. 318, 27 N. E. 371, 22 Am. St. 821, 12 L.R.A. 791; *Critten* v. *Chemical Nat. Bank* (1902), 171 N. Y. 219, 229, 63 N. E. 969.

"The law requires a depositor, upon the balancing of his account and return of his canceled checks, to exercise reasonable care in examining the account and checks, to know whether or not the balance shown to his credit is correct. And the depositor is charged with whatever knowledge he would have acquired by making such an examination in a reasonable careful manner. *First National Bank* v. *Farrell* (1921), 272 Fed. 371, 16 A. L. R. 651 (certiorari denied), 257 U. S. 634, 42 Sup. Ct. 48, 66 L. Ed [408]); *Leather Mfrs. Bank* v. *Morgan* (1885), 117 U. S. 96, 6 Sup. Ct. 657, 29 L. Ed. 811; *National Dredging Co.* v. *Farmers' Bank* (1908), 22 Del. 580, 69 Atl. 609, [607], 130 Am. St. 158, 16 L. R. A. (N. S.) 593; . . . ." *Fletcher, etc., Bank* v. *Crescent Paper Co.,* page 342 of 193 Ind.

What must be done to constitute due diligence under the circumstances shown by the evidence was a question of fact for the trial court. *Fletcher, etc., Bank* v. *Crescent Paper Co., supra,* page 343 of 193 Ind.; *Critten* v. *Chemical Nat. Bank, supra; Morgan* v. *U. S. Mortgage & Trust Co.* (1913), 208 N. Y. 218, 101 N. E.

871; *Prudential Ins. Co.* v. *National Bank of Commerce, supra.*

Under point No. II of argument, the appellant contends that a cashing bank is liable to a drawee bank where checks are paid upon forged payee indorsements. And under point No. III of argument, appellant contends that alleged negligence of the depositor is no defense to the action of the drawee.

We do not agree with these contentions of the appellant. The court has held in this opinion that the appellant bank is not a holder in due course of the instruments upon which the action was based because it knew of the alleged defects in the indorsements at the time it credited the account of W. A. Sheets & Sons, Inc. with the amount of such checks. Therefore the authorities cited under points Nos. II and III of argument are not applicable to the issues and facts in this case.

Indiana has recognized the rule of negligence between the drawee bank and the cashing bank. *Commercial, etc., Bank Co.* v. *Citizens Nat. Bank* (1918), 68 Ind. App. 417, 120 N. E. 670.

Indiana has also recognized negligence on the part of a drawee bank's depositor-customer. *Fletcher, etc., Bank* v. *Crescent Paper Co.* (1923), 193 Ind. 329, 139 N. E. 664.

Adoption and operation of a system which enabled an employee fraudulently to procure from his employer over a long period of time checks payable to fictitious employees, which he cashed upon the forged indorsement of the names of such employees, have been held to constitute negligence, the drawer having failed to put in effect a reasonable check of employees actually in its employ, or to guard its timecards or its time-

clock, or to maintain an adequate system of accounting by which such loss might have been avoided. *Defiance Lumber Co.* v. *Bank of California* (1935), 180 Wash. 533, 41 P. 2d 135, 99 A. L. R. 426; *Red Ball Motor Freight, Inc.* v. *Bailey* (1960), Tex. Civ. App. 332 S. W. 2d 411; *Erickson Co.* v. *Iowa Nat. Bank* (1930), 211 Iowa, 495, 230 N. W. 342.

There is some evidence in the record that W. A. Sheets & Sons, Inc. could have discovered the forgeries if due diligence and reasonable care had been exercised in examining the accounts and cancelled checks by said W. A. Sheets & Sons, Inc. during the period of one year and ten months during which time said forged checks were negotiated. The decision of the trial court is not contrary to law, therefore, the trial court did not err in overruling the appellant's motion for a new trial.

The judgment of the trial court is affirmed.

Faulconer, C. J., Carson and Prime, JJ. concur.

NOTE.—Reported in 206 N. E. 2d 879.