THE FARMERS & MERCHANTS STATE BANK, ET AL. *v.* EMMA FELTIS, ET AL.

[No. 870A127. Filed December 16, 1971. Rehearing denied January 19, 1972. Transfer denied September 20, 1972.]

*Robert S. Justice,* of Logansport, for appellants.

*Lynn O'Neill, Richard W. Cassidy, Glenn L. Miller, Miller, Tolbert, Hirschauer & Wildman,* all of Logansport, *Albert W. Ewbank,* of Indianapolis, for appellees.

SHARP, J.—Omer Lytle died testate on September 11, 1961. His Last Will and Testament dated February 25, 1955 was duly probated in the Cass Circuit Court on September 20, 1961 and Letters Testamentary were issued to the Community State Bank of Royal Center, Indiana, as the executor nominated in said Last Will and Testament. This Last Will and Testament has not been contested. Omitting formal parts, it reads as follows:

## ITEM I.

I hereby order and direct that my just debts and expenses of last sickness and burial shall be paid as soon after my decease as conveniently may be.

## ITEM II.

I give and bequeath to my brother, FREDERICK LYTLE, of Anderson, Indiana, the sum of Two Thousand Dollars ($2,000) to be paid to him by my Executor hereinafter named, as soon after my death as may conveniently be.

## ITEM III.

To my sister-in-law, LOLA LYTLE, I give and bequeath the sum of Four Hundred Dollars ($400) per year for each and every year she remains in my home, such sum to be determined by my Executor from the date of the death of my brother, GILBERT LYTLE, until the date of my death, such sums to be by my Executor paid out of my personal estate.

## ITEM IV.

The remainder of my property consisting of both personal and real, I give, devise and bequeath to ROY LYTLE in return for the assistance and aid that he has extended to me over the past many years.

## ITEM V.

I nominate and appoint The Community State Bank of Royal Center, Indiana, as Executor of this, My Last Will and Testament.

## ITEM VI.

I hereby revoke all former Wills and Codicils by me made.

Roy Lytle, the residuary legatee and devisee under Item IV of said Will, predeceased Omer Lytle and died on July 6, 1957 and the Petitioners-Appellants, The Farmers & Merchants State Bank and Marguerite Green, were duly appointed as the personal representatives of his estate. On September 18, 1963, said personal representatives, Petitioners-Appellants herein, filed in the Estate of Omer Lytle, above referred to, their petition to construe the will of Omer Lytle. Their peti-

tion to construe the will of Omer Lytle with particular reference to Item IV of The Last Will and Testament of Omer Lytle sets forth the names of all persons who allegedly are the heirs at law of Omer Lytle and who are the Defendants-Appellees herein. The Community State Bank of Royal Center, Indiana, as Executor of the estate of Omer Lytle, deceased, is also a Defendant-Appellee here. (Although it is not particularly relevant to the legal issues to be determined in this case, some of the heirs at law have filed consents asking the trial court to rule in favor of the personal representatives of the Estate of Roy Lytle and some of the heirs at law were defaulted.) The only matter before the trial court at the hearing on the petition to construe said will was the will itself and a stipulation that the allegations of the petition to construe were correct as the statement of heirship and that said will was prepared by an attorney.

The legal question to be determined in this appeal is whether or not the devise and bequest provided for in Item IV of The Last Will and Testament of Omer Lytle, deceased, lapsed.

It is elementary that a will must be considered as a whole and if possible effect must be given to every word and clause of the will. The basic consideration is the intent of the testator. See *Crawfordsville Trust Co.* v. *Elston Bank and Trust Co.*, 216 Ind. 596, 25 N. E. 2d 626 (1940), and *Grise* v. *Weiss*, 213 Ind. 3, 11 N. E. 2d 146 (1927). The only provision of the Indiana Probate Code which deals with the question of lapse is found in Ind. Ann. Stat. § 6-601 (g) (2) (Burns 1971), I.C. 1971 29-1-6-6:

"Whenever any estate, real or personal, shall be devised to any descendant of the testator, and such devise shall die during the lifetime of the testator, whether before or after the execution of the will, leaving a descendant who shall survive such testator, such devise shall not lapse, but the property so devised shall vest in the surviving descendant of the devisee, as if such devisee had survived the testator and died intestate. . . ."

Ind. Ann. Stat. § 6-601(g)(1) (Burns 1971), I.C. 1971 29-1-6-6 also states that if a devise of real or personal property not in the residuary clause lapses then the devise becomes a part of the residuary clause. This provision has no application here since the bequest and devise to Roy Lytle was in the residuary clause of Omer Lytle's will. It is also clear where the lapse is in the residuary clause, the property must pass as intestate estate. The general rule is set forth in 96 C.J.S. *Wills* § 1226(d)(1).

It is without dispute that Roy Lytle was not a "descendant of the testator" and did not leave any descendants surviving the testator. Clearly, the appellants are unable to avail themselves of the above quoted provision of the anti-lapse section of the Indiana Probate Code. In the absence of any benefit from the above quoted anti-lapse statute, the general rule is well-settled that where a bequest is made in a will and the person to whom the bequest is made predeceases the testator, the bequest lapses. This has been and is the rule in Indiana. See *West* v. *West,* 89 Ind. 529 (1883), *Maxwell* v. *Featherstone,* 83 Ind. 339 (1882), and *Edwards* v. *Beard,* 77 Ind. App. 478, 134 N. E. 203 (1921).

The term "lapse" indicates the failure to vest a bequest or devise by reason of the death of the devisee or legatee prior to the death of the testator. Under ordinary common law, a legacy or devise to another, bestowed by the testator as a mere gift or bounty, will lapse and become void in case the testator survives such legatee or devisee. In the event such a lapse occurs, that provision is a nullity and the property to be passed by that provision goes into the residuary estate, if there be any, and if not, then it passes by intestate succession. The stated reason for the general lapse rule is that a will by its very nature is ambulatory and does not become operative until the death of the testator and until that event, a legacy has never vested.

Therefore, since Roy Lytle predeceased Omer Lytle, the residuary bequest to Roy Lytle in The Last Will and Testament

of Omer Lytle lapsed and the residuary passes as intestate property unless the Appellants can come within one of the exceptions to the general lapse rule. It is not disputed by the parties that there is a well-recognized exception to the general lapse rule above-described in the case of bequests in payment of debts or obligations recognized by the testator. The reason for the exception is that where the devise or bequest is dependent on or subject to any contract or agreement, legally binding on the testator, said devise or bequest becomes vested in favor of the beneficiary. These principles were clearly set out in *Ballard* v. *Camplin*, 161 Ind. 16, 67 N. E. 505 (1903), wherein the Supreme Court of Indiana stated:

"It is true as a general rule that a testator is not presumed to bestow his bounty upon persons other than those who survive him, unless his intention to the contrary is evident. Where it appears, however, that a bequest or devise by will was made to discharge a duty or obligation resting upon the testator, this, in effect, will preclude a lapse of the bequest, although the legatee may die during the lifetime of the testator. For instance, the rule is well settled that a legacy or bequest made in payment of a debt does not lapse by the death of the legatee prior to that of the testator. This rule has been affirmed by the authorities where the debt or debts were barred by the statute of limitations at the time the testator executed his will."

However, because it is presumed that the provisions of a will are ambulatory and do not vest until the death of the testator, the intention of the testator to the contrary must be perfectly clear and unequivocable. The fundamental principle of construction applicable to lapse cases is whether the intention to pay a debt or other legal antecedent obligation is outwardly manifested and made perfectly clear by the will itself without resort to parol evidence. See *Edwards* v. *Beard*, 77 Ind. App. 478, 134 N. E. 203 (1921).

In light of the above legal principles and rules of construction, the question is whether, by ITEM IV of The Last Will and Testament, Omer Lytle made perfectly clear an intention to repay a debt of obligation within the recognized exception.

In the trial court, the Appellants had the burden of proof and persuasion to convince the trier of fact that they were within the above-quoted exception to the lapse rule. They obviously failed in their burden and are now urging that judgment of the trial court is contrary to law. Under the rule that where the evidence is entirely documentary or the decision is based upon admission or stipulation, the Appellate Tribunal is in as good a position as the trial court to determine its force and effect, *Indiana Bank & Trust Co.* v. *Lincoln National Bank*, 137 Ind. App. 546, 206 N. E. 2d 879 (1965), the Appellants have substantially the same burden of proof in trying to show that the judgment below is contrary to law. We believe they have again failed to sustain that burden, and so we cannot say, as a matter of law, that the trial judge committed reversible error in denying the relief requested in the petition to construe the will.

Item IV of The Last Will and Testament of Omer Lytle evidences by the words "assistance and aid" no more than an intention to bestow a gift upon Roy Lytle for some uncertain reason. There is no evidence of a contract, of a legal debt, or even of a moral obligation to repay a valid debt owing to Roy Lytle. The testator did not acknowledge that there was ever any liability, debt or claim. He acknowledged only that Roy Lytle rendered assistance and aid for which the testator commendably felt gratified. However, such gratitude did not elevate a simple devise into a legal debt which vested immediately in the devisee and prevented the application of the doctrine of lapses. We, therefore, are of the opinion that, as a matter of law, the trial court did not commit reversible error in its determination of the applicability of the rule of lapses and that Item IV of The Last Will and Testament of Omer Lytle did not make perfectly clear an intention to repay a debt or obligation within the rule cited in *Edwards* v. *Beard, supra*.

Counsel for all parties have obviously engaged in a far-reaching effort at legal research in this case which is ad-

mirable. However, it would be of no further benefit in this case to further burden this opinion with extensive citation and distinguishment of cases from other jurisdictions.

There being no reversible error demonstrated to this Court, the judgment of the trial court should be and hereby is affirmed.

Hoffman, C.J., White and Staton, JJ., concur.

NOTE.—Reported in 276 N. E. 2d 204.