Darrell R. HANCOCK, Appellant–
Plaintiff,

v.

INDIANA SCHOOL FOR THE BLIND,
Appellee–Defendant.

No. 93A02–9501–EX–20.

Court of Appeals of Indiana.

June 14, 1995.

Rehearing Denied Aug. 22, 1995.

Casey D. Cloyd, McClellan, McClellan, Brooke & Arnold, Muncie, for appellant.

Pamela Carter, Atty. Gen., Judy A. Winn, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

BAKER, Judge.

Appellant-plaintiff Darrell R. Hancock contests the award of the full Workers' Compensation Board claiming that the Board erroneously found that he only has a 25% permanent partial impairment of his entire body.

## FACTS

Hancock is an employee of appellee-defendant Indiana School for the Blind (ISB). Hancock worked as a shift operator in the boiler room of ISB. On April 16, 1991, Hancock sustained injuries when he tripped and fell at work.

As a result of his accident, Hancock filed an application for an adjustment of claim with the Indiana Workers' Compensation Board on March 8, 1993. The Board scheduled a hearing before a single hearing member for December 15, 1993. However, on the day of the hearing, Hancock and ISB entered into an agreement which provided that the parties would present only written evidence in the form of stipulated facts and Hancock's affidavit to the single hearing member for review. The single hearing member reviewed the parties' submissions and found that Hancock had a 25% permanent partial impairment of the entire person and awarded him $120.00 per week based upon that finding. Record at 13–14.

Thereafter, Hancock appealed the single hearing member's decision to the full Board for review. In his petition for review, Hancock requested that the Board allow him to testify and submit additional evidence at the hearing. On August 30, 1994, the Board held a hearing in which it denied Hancock's request to testify and present additional evidence. On December 19, 1994, the Board affirmed the decision of the single hearing member and adopted his findings and award. Hancock appeals the Board's decision claiming two issues which we restate as: 1) whether the Board erred in refusing to allow Hancock to testify and present additional evidence and 2) whether this court should employ a different standard of review, allowing us to reweigh the evidence, where the only evidence presented at the hearing before the Board was written stipulations of fact and an affidavit, rather than live testimony.

## DISCUSSION AND DECISION

■ First, Hancock claims that the Board abused its discretion in refusing to allow him to testify and introduce additional evidence at the hearing. When the Board is reviewing a single hearing member's determination, the decision to deny or allow the introduction of additional evidence is a matter within the Board's sound discretion. *Wilson v. Betz* (1957), 128 Ind.App. 189, 194, 146 N.E.2d 570, 573. This court will not disturb the Board's ruling in this regard unless there is a clear abuse of discretion. *Id.*

■ Here, Hancock agreed to present his evidence in the form of an affidavit and stipulations of fact. By specifically agreeing to submit only written evidence to the single hearing member, we find that Hancock waived his opportunity to present oral testimony. Furthermore, Hancock has failed to show that the additional evidence that he sought to present to the Board would have been anything other than cumulative. *See id.* Accordingly, the Board did not abuse its discretion in denying Hancock's request to testify and present additional evidence.

■ Next, Hancock invites us to adopt a different standard of review which would allow us to reweigh the evidence in this case. Hancock recognizes that under our normal standard of review of Board decisions, this court may not reweigh the evidence nor judge the credibility of the witnesses. However, he argues that in situations such as this case where the only evidence before the Board was written evidence in the form of stipulations and affidavits, the court of appeals is in as good a position as the Board to determine the weight of the evidence. Hancock posits that since no witnesses actually testified at the hearing before the Board, the Board had no unique opportunity to judge the credibility of the witnesses, and thus, this court should reweigh the evidence. In support of his proposition, Hancock cites civil caselaw in which appellate courts reweighed the evidence in situations where only stipulated evidence had been presented at the trial court level. *See e.g. Gorby v. McEndarfer* (1963), 135 Ind.App. 74, 191 N.E.2d 786.

However, we observe that none of those civil cases were workers' compensation cases.[1] Workers' compensation cases differ

---

1. Hancock cited the following cases: *Gorby*, 135 Ind.App. at 74, 191 N.E.2d at 786 (action to quiet

from other civil cases in that they are controlled by statute and are a departure from the common law. Therefore, although in some civil cases, where only written evidence was presented in the lower court, we changed our normal standard of review to permit us to reweigh the evidence, we decline Hancock's invitation to adopt that standard in the present workers' compensation case. Accordingly, we shall apply our normal standard for reviewing decisions of the Board.

In reviewing the Board's decision, we do not reweigh the evidence nor assess the credibility of witnesses and will consider only the evidence most favorable to the award, including any and all reasonable inferences deducible from the proven facts. *Zike v. Onkyo Mfg., Inc.* (1993), Ind.App., 622 N.E.2d 1055, 1057. We employ a two-tiered standard of review to determine the existence of competent evidence of probative value to support the Board's findings and whether the findings are sufficient to support the decision. *Id.* In the present case, the record reveals that Dr. Thomas Fisher, a general practitioner, opined during his deposition that Hancock had a 60% permanent partial impairment of his entire body. R. at 57. Further, the record contains a letter from Dr. Eric Leaming, who treated the injuries to Hancock's lower extremities, in which he stated that Hancock had a 6% impairment to his legs. R. at 73. In addition, the record also contains a letter from Dr. Kurt Manders, who treated Hancock for the injury to his spine. In Dr. Mander's letter, he stated that Hancock had a permanent partial impairment to his spine of 10%. He then determined that by adding that 10% spinal impairment to the 6% impairment in Hancock's legs, as found by Dr. Leaming, Hancock's permanent partial impairment to his entire body was 16%. R. at 74. We hold that the Board's finding that Hancock suffered a 25% permanent partial impairment to his entire body was within the evidence pre-

sented at the hearing. Further, that finding is sufficient to support the Board's award for compensation.

Judgment affirmed.

ROBERTSON and KIRSCH, JJ., concur.

---

title); *Farmers & Merchants State Bank v. Feltis* (1971), 150 Ind.App. 284, 276 N.E.2d 204 (construction of a will); *Indiana Bank & Trust Co. v. Lincoln Nat'l Bank & Trust Co.* (1965), 137 Ind. App. 546, 206 N.E.2d 879 (negotiable instrument bearing forged endorsement of payee). We note that Hancock did cite one workers' compensa-

tion case; however, in that case the appellate court did not reweigh the evidence. Rather, it determined that the undisputed facts did not support the Board's decision. *See Whaley v. Steuben County Rural Electric. Mem. Corp.* (1966), 139 Ind.App. 520, 221 N.E.2d 435.