Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 10 2014, 9:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**JULIA BLACKWELL GELINAS**
**JEFFREY J. MORTIER**
**MAGGIE L. SMITH**
Frost Brown Todd LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**LARRY PLEASANTS**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FRONTLINE NATIONAL, LLC, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1405-EX-308 |
| | ) | |
| KATHY STEINHAUER, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE INDIANA WORKER'S COMPENSATION BOARD
Application No. C-201362

**November 10, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Frontline National, LLC ("Frontline") appeals the Worker's Compensation Board's ("the Board's") denial of Frontline's Application for Review of the Single Hearing Member's Order that Frontline pay worker's compensation benefits to Kathy Steinhauer. Frontline raises three issues for our review, which we restate as follows:

1.    Whether the Board abused its discretion when it denied Frontline's request for the Board to consider evidence that Frontline could have but did not produce to the Single Hearing Member.

2.    Whether the Board's decision that Frontline was not prejudiced by a purported delay in Steinhauer's notice to Frontline of her injury is clearly erroneous.

3.    Whether the Board's decision is supported by sufficient evidence.

We affirm.

## FACTS AND PROCEDURAL HISTORY[1]

On January 24, 2013, a Single Hearing Member held a fact-finding hearing on Steinhauer's Application for Adjustment of Claim, which she had filed with the Board in October of 2009. Following that hearing, the Single Hearing Member entered the following findings of fact:

1.    [Steinhauer] worked for [Frontline] as a contract LPN at Camp Atterbury . . . . [Steinhauer's] job duties involved the processing of military personnel before and after deployment. [Steinhauer] had no in[-]person contact with anyone at [Frontline], and [she had] only communicated with Frontline by email or fax.

2.    On August 26, 2009, [Steinhauer] was walking across a gravel lot with reams of paper when she stepped into a divot and felt pain in the back of her foot. [Steinhauer] went into her building and reported to Staff

---

[1] We note that the Statement of Facts in Frontline's brief on appeal is not "in accordance with the standard of review appropriate to the judgment or order being appealed." Ind. Appellate Rule 46(A)(6)(b). Accordingly, we do not consider it.

Sergeant Peter Boyd what had occurred and was told to elevate her foot. Boyd also recommended that she see a physician. Boyd was [Steinhauer's] immediate supervisor at the base and he specifically recalled the incident and recalled examining her ankle and finding it swollen. Major Mike Keller, the officer in charge of medical operations[,] testified that Boyd was an honest person. Boyd completed an incident report, but this incident report was not produced at [the] hearing[;] Boyd noted that this was not surprising based on previous record keeping. Boyd noticed [Steinhauer] limping and hobbling after the incident and told her she was unable to continue working. Boyd had not previously seen her having trouble limping. Although [Steinhauer] has a history of changing her recollection of the incident, the support for this incident is based on the credible testimony of Staff Sergeant Boyd.

3. [Steinhauer] suffered from pre-existing plantar fasciitis and bilateral Achilles tendonitis[,] which was symptomatic for three (3) years. [Steinhauer] first saw Dr. Stevens on August 7, 2009, complaining of chronic pain in her Achilles tendons and a retrocalcaneal spur[;] at this time she was fitted for static ankle-foot orthotics. Dr. Stevens conducted an ultrasound at this visit and ruled out any tears to either Achilles tendon.

4. On the date of the incident, [Steinhauer] went to Dr. Stevens's office for a previously scheduled appointment for follow-up on her orthotics. The record from Dr. Stevens on this date does not note a work accident; however, he testified by deposition that this was because of the form template of his medical records and that he was aware of her injury on this date and that she presented with severe pain. Additionally, nursing notes from August 31, 2009, state that [Steinhauer] injured her left foot at work on August 26, 2009, and that she did not have that type of pain before the injury[;] therefore, they were sending her for an MRI and physical therapy. An MRI taken on September 2, 2009, revealed a tear to the left Achilles tendon.

5. On September 9, 2009, [Steinhauer] emailed Jeanne Peddicord at Frontline and informed [her] that she had an MRI and that surgery was recommended. She specifically stated[,] "I have been tolerating the pain about three years and thought it was plantar fasciitis until I had the MRI done." [Steinhauer] claims that she did not reference her fall because she believed it had been previously reported by Staff Sergeant Boyd.

6. On September 11, 2009, [Steinhauer] sent an email to [Peddicord] and stated that she was walking through gravel, up an incline, and noticed the burning sensation.

7. [Frontline] denied her claim due to pre-existing issues and late reporting.

Appellant's App. at 7-9.

The Single Hearing Member then concluded that Steinhauer's injury occurred in the course of and arose out of her employment with Frontline. The Single Hearing Member specifically stated that, "[d]espite [Steinhauer's] credibility issues, the hearing member was persuaded by the credible testimony of Staff Sergeant Boyd, an independent witness receiving no benefit for his testimony, and the medical opinions of Drs. Stevens and Patel," who had performed Steinhauer's surgery. Id. at 9-10. The Single Hearing Member further concluded that Steinhauer had "notified her immediate supervisor on the date of the accident" and Frontline "within 15 days," and that "there is no prejudice to [Frontline]" to support its allegation that Steinhauer had not provided it timely notice. The Single Hearing Member then ordered Frontline to pay for Steinhauer's medical treatment and to pay her disability.

Following the January 24 hearing, Frontline informed the Single Hearing Member that it had obtained documents that purported to show that Boyd was not working on the day of Steinhauer's injury, and Frontline requested the Single Hearing Member "to consider [this] supplemental evidence" in her final decision. Id. at 41. The Single Hearing Member refused to consider the purported records, stating that this "evidence . . . has been readily available at all times," and that Steinhauer "would be severely prejudiced if this evidence were allowed into the record without giving Sgt. Boyd or any of the other witnesses the ability to respond or cross-examine." Id. at 12. Frontline appealed the Single Hearing Member's decisions to the Board, which likewise

4

refused to consider the supplemental evidence and then adopted and affirmed the Single Hearing Member's findings and conclusions. This appeal ensued.

## DISCUSSION AND DECISION

### Standard of Review

When reviewing the decisions of the Board, we are bound by the factual determinations of the Board and may not disturb them unless the evidence is undisputed and leads inescapably to a contrary conclusion. Eads v. Perry Twp. Fire Dep't, 817 N.E.2d 263, 265 (Ind. Ct. App. 2004), trans. denied. Additionally, all unfavorable evidence must be disregarded in favor of an examination of only that evidence and the reasonable inferences therefrom that support the Board's findings. Id. And we neither reweigh the evidence nor judge the witness's credibility. Id. We review questions of law de novo. Prentoski v. Five Star Painting, Inc., 827 N.E.2d 98, 101 (Ind. Ct. App. 2005), aff'd in part, adopted in part, 837 N.E.2d 972 (Ind. 2005).

### Issue One: Denial of Motion to Consider Supplemental Evidence

We first consider Frontline's assertion that the Board abused its discretion when it refused Frontline's request that the Board consider supplemental evidence, namely, documents that purported to show that Boyd was not at work on the day of Steinhauer's injury. When the Board is reviewing a single hearing member's determination, the decision to deny or allow the introduction of additional evidence is a matter within the Board's sound discretion. Hancock v. Ind. Sch. for the Blind, 651 N.E.2d 342, 343 (Ind. Ct. App. 1995), trans. denied. This court will not disturb the Board's ruling in this regard unless there is a clear abuse of discretion. Id.

The Board did not abuse its discretion when it denied Frontline's attempt to backfill the record. Frontline's only clear argument to the contrary is that "[t]he additional evidence . . . was directly relevant to the issues raised . . . ." Appellant's Br. at 23. But Frontline does not explain why, in light of that fact, it failed to produce this evidence at the fact-finding hearing, when Steinhauer would have had the opportunity to examine the evidence and Staff Sergeant Boyd. We reject Frontline's argument that the Board abused its discretion when it denied Frontline's request.

**Issue Two: Notice**

Frontline next asserts that the Board's decision that Frontline was not prejudiced by Steinhauer's alleged late notice of her injury to Frontline was clearly erroneous. According to Indiana Code Section 22-3-3-1, an injured employee "as soon as practicable after the injury . . . shall give written notice to the employer of such injury," unless "the employer or his representative shall have actual knowledge of the occurrence of an injury . . . at the time thereof or shall acquire such knowledge afterward . . . ." Further:

> Unless such notice is given or knowledge acquired within thirty (30) days from the date of the injury or death, no compensation shall be paid until and from the date such notice is given or knowledge obtained. No lack of knowledge by the employer or his representative, and no want, failure, defect or inaccuracy of the notice shall bar compensation, unless the employer shall show that he is prejudiced by such lack of knowledge or by such want, failure, defect or inaccuracy of the notice, and then only to the extent of such prejudices.

Ind. Code § 22-3-3-1 (2014) (emphasis added).

On appeal, Frontline asserts that it was prejudiced by the purported delay in Steinhauer's notice because it did not have the opportunity to have one of its own doctors examine Steinhauer's injury to determine whether her torn Achilles tendon was a pre-

existing condition. We cannot agree. First, Frontline had actual notice of Steinhauer's injury the day it occurred because Boyd, Steinhauer's supervisor, observed her injury that day. As such, Frontline knew of Steinhauer's injury seventeen days before her surgery. But Frontline did not use those seventeen days to pursue its own examination of Steinhauer's condition, and neither did Frontline instruct Steinhauer to seek treatment from a Frontline-approved doctor. Rather, Frontline simply denied her claim outright based on "her pre-existing conditions and late reporting." Appellant's App. at 9.

Its own lack of diligence aside, Frontline's current argument that it was denied the opportunity to discover evidence to show that Steinhauer's injury was a preexisting condition is undermined by Frontline's original denial of her claim on the basis of her preexisting condition. Either Frontline knew of her condition or it needed more evidence to assess her condition. Moreover, the Single Hearing Member expressly found that the expert testimony and Steinhauer's medical records supported her claim that the injury to her Achilles tendon was not a preexisting condition. Thus, Frontline cannot demonstrate that it was prejudiced by the timing of Steinhauer's notice.

## Issue Three: Sufficiency of the Evidence

We lastly consider Frontline's argument that the Board's decision is not supported by sufficient evidence. Frontline asserts broadly that "[t]he evidence also does not support a finding that there ever was a workplace injury." Appellant's Br. at 19. But Frontline's entire argument on this issue simply seeks to credit its assessment of the evidence over the Board's, the Single Hearing Member's, and Steinhauer's. The Single Hearing Member and the Board refused to weigh the evidence in the manner Frontline

7

desired, and we are in no position to reconsider the weight of the evidence on appeal. This argument must fail.[2]

## Conclusion

In sum, we affirm the Board's decision in all respects.

Affirmed.

FRIEDLANDER, J., and MAY, J., concur.

---

[2] Embedded in this argument, Frontline asserts that Steinhauer's surgery "was to repair both the Achilles tendon tear and to repair the pre-existing bone spur issues. [Steinhauer] never presented any evidence that the bone spur was related to her workplace injury, yet she seeks worker's compensation payments for the full surgery." Appellant's Br. at 19 (emphasis original). These statements are not supported by citations to authority or to the record, which, among other things, might have informed this court whether Frontline actually challenged the amount of the medical costs claimed by Steinhauer during the fact-finding hearing. This court will not comb the record or make an argument for a party. This contention concerning Steinhauer's bone spur is undeveloped, and we do not consider it a freestanding argument.